FIRST CHICAGO GARY-WHEATON BANK, Plaintiff and Counterdefendant-Appellee, v. ROBERT A. GAUGHAN, Defendant and Counterplaintiff-Appellant.

Second District No. 2—94—1439

Opinion filed October 4, 1995.

Anthony J. Trotto, of Addison, for appellant.

Douglas Drenk and David Drenk, both of Douglas Drenk & Associates, P.C., of Wheaton, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Robert A. Gaughan, appeals the judgment of the circuit court of Du Page County in favor of plaintiff, First Chicago Gary-Wheaton Bank. We affirm in part, modify in part, and remand.

On March 20, 1987, defendant purchased a 1987 Porsche 911 Turbo (vehicle) from Lynch Imports. Defendant purchased the vehicle for $69,000. Defendant made a $30,000 down payment on the vehicle and financed the remaining balance. Defendant entered into a retail installment motor vehicle contract (installment contract) which

was assigned to plaintiff. The installment contract provided for 60 monthly payments of $1,068.81 which were due on the 19th of each month. However, in the event that defendant failed to make his payment on the 19th of the month, there was a provision whereby he could make a payment of $1,073.81 on or after the 30th of each month. The installment contract commenced on April 19, 1987. The total amount financed was $45,944.50. The total finance charges were $18,184.10. Thus, had defendant made all 60 payments, he would have paid a total of $64,128.60.

The majority of payments were made by Julie Gaughan, defendant's wife, and were usually late. In March 1990, defendant was behind by four payments and plaintiff turned the matter over to its attorney, Lawrence Friedman, for collection.

Mr. Friedman contacted defendant, informing him that he was in arrears on his payments. Defendant's wife then made four payments on March 27, 1990. However, on March 16, 1990, Mr. Friedman had filed a complaint in *detinue* on behalf of plaintiff against defendant in Cook County. The complaint alleged that because defendant was in default plaintiff was entitled to possession of the vehicle. Plaintiff demanded the return of the vehicle or its value and compensation for what it alleged to be defendant's unlawful use of the vehicle in the amount of $50 per day. The Cook County action was subsequently dismissed without prejudice.

Defendant was late in making his April and May 1990 payments, but on June 12, 1990, they were paid. On June 15, 1990, the June payment was made. On August 15, 1990, the July and August payments were made. On October 22, 1990, the September and October payments were made. Lastly, on November 28, 1990, the November payment, or payment number 44, was mailed by defendant to plaintiff's counsel. The payment was remitted to plaintiff and was posted on November 30, 1990.

On November 29, 1990, plaintiff hired new attorneys and filed the present complaint against defendant in Du Page County. The complaint contained two counts: (1) a replevin action which demanded the return of the vehicle; and (2) a contract action which sought the collection of the original installment amount. On December 20, 1990, plaintiff obtained an emergency *ex parte* order for forcible entry and, on that same day, executed that order, thereby repossessing the vehicle.

Plaintiff admitted that it did not comply with the notice provisions of the Motor Vehicle Retail Installment Sales Act (the Sales Act) (815 ILCS 375/1 *et seq.* (West 1992)). Plaintiff failed to inform defendant, within three days of the repossession, of his right to cure

any default and restore his rights under the installment contract. Rather, plaintiff sent defendant two separate notice-of-intent-to-debtor packets; the first was dated January 9, 1991, and the second was dated September 3, 1991. The first packet informed defendant that he was in default under the terms of the installment contract because he had failed to make the October 1990 payment, as well as all subsequent payments. The second packet declared that defendant was in default for having failed to make the March 1990 payment, as well as all subsequent payments.

Defendant responded to each packet with an affidavit of defense. Each affidavit indicated that defendant was not in default and that the vehicle was taken pursuant to an invalid order of replevin. However, on February 15, 1991, in an attempt to get title to the vehicle from the Secretary of State, John W. Heffernan, plaintiff's employee, signed a written affidavit of repossession which incorrectly indicated that plaintiff had not received any affidavit of defense from defendant.

While the vehicle was in plaintiff's possession, it was stolen and damaged. The cost to repair the vehicle was estimated to be $12,870 in November 1991. Plaintiff concedes that it is responsible for the damage to the vehicle.

Defendant filed a motion to quash the alleged services of the replevin notices, writ of replevin, and summons. The motion was granted on February 21, 1991. Service was properly had on April 12, 1991. Defendant filed a motion to dismiss both counts of plaintiff's complaint. As to count I, defendant argued that a replevin action cannot lie where plaintiff was already in possession of the property. As to count II, defendant filed a section 2—615 motion (735 ILCS 5/2—615 (West 1992)) to strike count II as being vague and indefinite. Plaintiff voluntarily struck count I and the court struck count II as being vague.

Plaintiff filed an amended complaint, alleging breach of the installment contract. Plaintiff alleged that defendant breached the contract by failing to make payments when due and by failing to keep the vehicle fully insured. Defendant denied breach and argued that plaintiff failed to give appropriate notice pursuant to section 20 of the Sales Act (815 ILCS 375/20 (West 1992)). Defendant filed four affirmative defenses, alleging (1) promissory estoppel/waiver in accepting the late payments and failing to object to the insurance issue; (2) violation of the Sales Act in failing to give the required notice; (3) a setoff for damages caused to the vehicle; and (4) defendant had filed an affidavit of defense and plaintiff had filed a false statement with the Secretary of State's office in order to obtain title to the vehicle.

Defendant also filed a six-count counterclaim. Counts II through V were dismissed by the trial court and are not being challenged by defendant. Count I sought damages under a theory of conversion, while count VI requested damages for the wrongful replevin of the vehicle.

After a bench trial, the trial court issued its written judgment order on December 23, 1993, *nunc pro tunc* December 9, 1993. The order contained the following factual findings: (1) defendant had a pattern of late payments, and plaintiff waived the strict compliance with the payment provision of the installment contract by accepting the late payments; (2) as of November 1990 defendant had made 44 payments of $1,068.81 and had paid various late charges; (3) the December 1990 payment was due on December 19, 1990, and on the date that the order of replevin was entered, namely, December 12, 1990, defendant had made all payments of principal and interest; (4) at the time the vehicle was repossessed, no claim had been made by plaintiff to defendant with regard to insurance coverage on the vehicle; (5) defendant was entitled to the protections of the Sales Act; (6) plaintiff failed to serve notice as is required under the Sales Act; (7) by judicial admission plaintiff indicated that the amount of principal owed by defendant to plaintiff was $18,757.24; (8) by judicial admission plaintiff indicated that the reasonable value of the loss of use of the vehicle was $50 per day; (9) defendant indicated that he only actually used the vehicle two or three times a month in the summertime and, as such, the reasonable value of such loss of use would be $2,400; (10) plaintiff presented no credible evidence as to the principal balance of the loan on any relevant date; (11) none of defendant's late payments were material breaches of the installment contract; (12) plaintiff failed to act in a commercially reasonable manner with regard to the loan; and (13) defendant did not have an absolute right to possession of the vehicle on December 20, 1990, so as to give rise to an action for conversion. The trial court proceeded to award plaintiff the remaining principal due on the contract in the amount of $18,757.24, but precluded plaintiff from recovering any finance charges from the date of the wrongful repossession. The court awarded defendant $15,270, which sum represents $12,870 as compensation for the damage caused to the vehicle and $2,400 as compensation for defendant's loss of use of the vehicle. The court further ordered plaintiff to pay defendant's costs of suit and granted defendant leave to file a petition for attorney fees.

On January 5, 1994, defendant filed a petition for attorney fees pursuant to section 11 of the Sales Act (815 ILCS 375/11 (West 1992)). At a hearing on the issue, the court denied defendant's motion for at-

torney fees. The court found that while the interests of justice would require an award of attorney fees, the court was unable to determine the amount of time spent in defense of the replevin action and what time was spent in prosecution of the Sales Act claim. The court gave defendant leave to file an amended petition more specifically setting forth those fees incurred in relation to the Sales Act claim.

Defendant filed his amended petition for fees. Plaintiff also filed a motion for leave to file a petition for fees. The court then found that the interests of justice did not require an award of fees to either party. Defendant filed a motion to modify the December 9, 1993, order and to reconsider the court's decision denying attorney fees. Both motions were denied, and this appeal followed.

Initially, we will address plaintiff's argument that we lack jurisdiction to review the December 9, 1993, judgment and all other orders entered prior to June 10, 1994. Plaintiff argues that the December 9, 1993, order was a final, appealable order and when the court denied plaintiff's post-trial motion on May 11, 1994, defendant had only 30 days to file a timely notice of appeal.

■ The time for filing the notice of appeal is governed by Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)), which specifies that a notice of appeal must be filed within 30 days after the entry of a final order or judgment. An order or judgment is final if it terminates the litigation between the parties on the merits or disposes of the rights of the parties upon the entire controversy. (*F.H. Prince & Co. v. Towers Financial Corp.* (1994), 266 Ill. App. 3d 977, 982.) When a final judgment or order does not dispose of the entire dispute, a Rule 304(a) finding is necessary so that the judgment or order becomes immediately appealable. (155 Ill. 2d R. 304(a).) Where a judgment or order grants a party leave to petition for attorney fees, the judgment is not final and requires a Rule 304(a) finding to become immediately appealable. See *F.H. Prince & Co.*, 266 Ill. App. 3d at 983-84.

■ In the case at bar, the December 9, 1993, order granted defendant leave to file a petition for attorney fees within 30 days. Defendant in fact filed his fee petition within 30 days. As such, the December 9, 1993, order was not final and appealable until November 22, 1994, when the trial court denied defendant's final motion to reconsider and disposed of the attorney fees issue. Defendant filed his notice of appeal on December 20, 1994. Therefore, we have jurisdiction over all matters on appeal.

On appeal, defendant argues that the trial court's award of

$18,757.24 to plaintiff was against the manifest weight of the evidence. Defendant further argues that plaintiff was not entitled to any damages, because it violated the Sales Act. Defendant also argues that the trial court erred in denying attorney fees and in awarding inadequate damages for defendant's loss of use of the vehicle. Lastly, defendant argues that the trial court erred in finding that he had not established the requisite elements of conversion.

■ Defendant first argues that the trial court's award of $18,757.24 to plaintiff was in error because plaintiff never proved that defendant was in default on the installment contract. The trial court found that defendant's late payments and the allegation that there was no insurance on the vehicle were not material breaches so as to justify plaintiff's acceleration of the installment contract. Therefore, defendant argues, plaintiff is not entitled to the entire accelerated principal amount due on the installment contract.

The trial court, however, awarded plaintiff the sum of $18,757.24, which sum represented the principal balance due on the installment contract at the time the vehicle was repossessed and defendant stopped making his monthly payments. This amount does not include any remaining interest because plaintiff acknowledged it was not entitled to finance charges incurred after the date of repossession, as it had violated the notice provisions of the Sales Act.

In order for plaintiff to recover such sum, there was no requirement that it prove that defendant defaulted on the installment contract. Rather, each month a certain sum of principal became due on the vehicle, and on May 1, 1992, the entire principal sum was due. The trial court's order was entered on December 23, 1993, after the installment contract had matured. Thus, the trial court's determination that plaintiff was entitled to that sum in exchange for the return of the vehicle to defendant was not against the manifest weight of the evidence.

■ Defendant next argues that plaintiff is not entitled to recover any finance charges because it violated the Sales Act. Plaintiff responds that section 24 of the Sales Act must only apply to knowing violations and, further, that section 24 only precludes plaintiff from recovering finance charges incurred after the date of the violation.

In interpreting the meaning of a statute, the statutory language used by the legislature is usually the best indication of the intent of the drafters. (*Collins v. Board of Trustees of the Fireman's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 111.) The language should be given its plain and ordinary meaning (*Union Electric Co. v. Department of Revenue* (1990), 136 Ill. 2d 385, 397), and no word or paragraph should be interpreted so as to be rendered meaningless (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362-63).

Section 24 of the Sales Act provides that "[n]o person who violates this Act, except as a result of an accident or *bona fide* error of computation, may recover *any* finance charge, any delinquency or collection charge or any refinance charge in connection with the related retail installment contract." (Emphasis added.) (815 ILCS 375/24 (West 1992).) Section 24 specifically provides that a party who violates the Sales Act is not entitled to recover *any* finance charges. "The word 'any' has broad and inclusive connotations." (*People ex rel. Scott v. Silverstein* (1981), 94 Ill. App. 3d 431, 434.) Webster defines "any" as "one, some, or all indiscriminately of whatever quantity." (Webster's Third New International Dictionary 97 (1986).) A plain reading of the statute indicates that the legislature intended that a party who violates the provisions of the Sales Act is not entitled to recover *any* finance charges pursuant to the installment contract whatsoever.

The only exception provided by the statute is where the violation is a result of an accident or *bona fide* error of computation. (815 ILCS 375/24 (West 1992).) An "accident" is defined as "an event or condition occurring by chance or arising from unknown or remote causes." Webster's Third New International Dictionary 11 (1986); see also *Cobbins v. General Accident Fire & Life Assurance Corp.* (1972), 53 Ill. 2d 285, 293.

The trial court expressly found that plaintiff's agents and employees failed to communicate with each other and were not aware of the actions each was taking. They were unable to present credible evidence of the principal amounts due and owing under the installment contract at various points in time. They also failed to adhere to the notice provisions of the Sales Act. The violation in the case at bar was a result of plaintiff's failure to act in a commercially reasonable manner and was not because of a condition which occurred fortuitously or accidentally. Further, no evidence was presented that plaintiff's failure to adhere to the provisions of the Sales Act was a result of a *bona fide* error in computation. As such, plaintiff is not entitled to recover any finance charges under the installment contract.

The original amount financed was $45,944.50. Defendant has made payments totaling at least $47,027.64. Because plaintiff is not entitled to collect any finance charges due to its violation of the Sales Act, defendant is entitled to a refund of $1,083.14 ($47,027.64 − $45,944.50).

■ Next, defendant argues that the trial court's award of $2,400 for his loss of use of the vehicle was inadequate and against the manifest weight of the evidence. Section 19—123 of the Illinois Code

of Civil Procedure provides that where judgment is entered against a party seeking the replevin, the party shall return the property to its rightful owner and damages shall be granted that owner for his loss of use of the property. (735 ILCS 5/19—123 (West 1992).) The trial court awarded defendant the sum of $2,400, which supposedly represented defendant's loss of use of the vehicle for three days per month, six months out of the year, for three years. (We note that the correct calculation of said sum should have been $2,700 (3 x 6 x 3 x $50).)

In the case at bar, plaintiff wrongfully repossessed defendant's vehicle. As such, defendant was entitled to the return of the vehicle and damages associated with his loss of use of the vehicle. The value of the use of the property is the proper measure of damages, "and the value of the use of the property may in some cases exceed the value of the property itself." *International Harvester Credit Corp. v. Helland* (1986), 151 Ill. App. 3d 848, 856.

Plaintiff admitted that the reasonable value for the loss of use of the vehicle was $50 per day. While defendant did testify that he generally only used the vehicle two or three times a month during the summer, this does not preclude the fact that he might have wished to use the vehicle on other occasions when it was wrongfully in plaintiff's possession. Furthermore, the evidence was clear that defendant really purchased this special car as a prize to be possessed rather than a vehicle to be driven and, as such, it had an inherent value which defendant lost when he was no longer in possession of the vehicle. Thus, the trial court's award of $2,400 for the loss of use of the vehicle was against the manifest weight of the evidence.

We recognize the difficulties in arriving at a proper measure of damages in a case such as this, where defendant admitted he did not use the vehicle more than several times a month. The court in *International Harvester* was faced with a similar dilemma in arriving at a valuation for a defendant's loss of the use of several tractors. The defendant failed to present any credible evidence as to the use to which he put the tractors, and therefore the appellate court found that the decision of the trial court which awarded the defendant damages merely for the loss of possession of the tractors was in error. *International Harvester*, 151 Ill. App. 3d at 860.

The court determined that it was improper speculation to allow a party who has been without his property to recover damages for loss of its possession without regard to whether the property would have actually been used. (*Harvester*, 151 Ill. App. 3d at 858.) However, in the case at bar, the same difficulties are not present. Plaintiff has already indicated that the reasonable value for the loss of the vehicle was $50 per day and defendant does not disagree with this estimate.

We recognize that, absent plaintiff's admission as to the reasonable value of the loss of use of the vehicle, valuation difficulties such as occurred in *Harvester* might arise. Under normal circumstances, where a party never uses property of which he is wrongfully deprived of possession, no damages for loss of use of that property would generally flow. However, it must be noted that in the case at bar the property in question is unique in the automotive industry and in the reverent eyes of defendant. The vehicle is a valuable sports car which was kept in a special garage and maintained in excellent condition. In a case involving a special vehicle such as this two-door 911 Turbo Porsche, the better rule of law is to allow recovery for loss of possession of the vehicle, especially because mere possession of such an item is an integral part of the use of such a vehicle.

Thus, based on the facts in the case at bar, defendant was entitled to damages for the loss of the use of the vehicle in the amount of $50 per day. The vehicle was wrongfully repossessed on December 20, 1990. As of December 20, 1994, the date defendant filed his notice of appeal, the vehicle was wrongfully in plaintiff's possession for 1,462 days. Thus, defendant is entitled to damages in the amount of $73,100. Since the parties agreed to stay enforcement of the judgment pending appeal in lieu of the posting of an appeal bond by the defendant, the calculation of damages beyond December 20, 1994, is unnecessary and inappropriate.

■ Next, defendant argues that the trial court abused its discretion in denying his petition for attorney fees. Section 11 of the Sales Act provides that "the court in its discretion may award attorney's fees to either party as the interests of justice may require." (815 ILCS 375/11 (West 1992).) The court, however, declined to award attorney fees to either party.

Initially, the trial court determined that plaintiff was responsible for defendant's costs and granted defendant leave to file his fee petition. After reviewing defendant's fee petition, the trial court was unable to differentiate the time spent by defendant in defending the proceeding brought pursuant to the Sales Act and the time he spent on other issues. As such, the trial court gave defendant leave to file an amended petition. However, the trial court then determined that neither party was entitled to an award of fees. Such a determination is vested within the sound discretion of the trial court. 815 ILCS 375/11 (West 1992).

In determining whether the trial court abused its discretion in denying defendant's fee petition, there are several factors which should be considered, specifically (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy

an award of fees; (3) whether an award of fees against the opposing party might deter others from acting under similar circumstances; (4) whether the party seeking fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the act in question; and (5) the relative merits of the parties' positions. (*Graunke v. Elmhurst Chrysler Plymouth Volvo, Inc.* (1993), 247 Ill. App. 3d 1015, 1022-23.) None of the above factors is controlling, nor is the above list intended to be exhaustive (*Graunke*, 247 Ill. App. 3d at 1023); rather, the court must consider all the relevant evidence in making its determination.

In the case at bar, plaintiff was culpable in that it wrongfully repossessed defendant's vehicle and violated the Sales Act by failing to send notice to defendant as required. Plaintiff, a bank, would likely be able to satisfy a fee award. However, plaintiff has already been precluded from collecting any finance charges on the installment note, and, thus, an award of fees would not have the same deterrent effect as if plaintiff had not been penalized at all for its violation of the Sales Act. Further, defendant did not attempt to benefit all consumers or to resolve any significant legal questions; rather, he was only seeking the return of his vehicle. Lastly, while defendant prevailed in the matter, he was consistently late with his payments. We do note that at the time the vehicle was repossessed defendant was not in arrears. However, after consideration of all the relevant factors, we are unable to hold that the trial court abused its discretion in denying defendant's petition for attorney fees.

■ Lastly, defendant argues that the trial court erred in finding that defendant had failed to establish a right of recovery based on conversion. In order to establish that a conversion occurred, a party must establish (1) unauthorized and wrongful assumption of control, dominion, or ownership over the personal property of another; (2) the party's right to the property; (3) his absolute and unconditional right to immediate possession thereof; and (4) a demand for possession. (*First National Bank v. Lachenmyer* (1985), 131 Ill. App. 3d 914, 917.) The trial court found that defendant did not have an absolute and unconditional right to immediate possession of the vehicle.

We agree. While the trial court did not find that defendant was in default, defendant had failed to make timely payments on the vehicle. In the event of defendant's failure to adhere to the provisions of the installment contract, plaintiff would have had the right to repossess the vehicle. While the trial court ultimately found that plaintiff had wrongfully repossessed the vehicle, defendant's right to unconditional possession of the vehicle was not so clear as to give rise to an action for conversion.

For the foregoing reasons, the judgment of the circuit court of Du Page County finding that defendant was not in default, did not prove a case for conversion, and was not entitled to an award of attorney fees is affirmed. While plaintiff is entitled to the remaining principal amount of $18,757.24 due on the vehicle, because the monies defendant has already paid plaintiff exceed the total amount financed, plaintiff has already received the $18,757.24. Thus, judgment should be entered for defendant in the amount of $68,603.14, which amount represents $1,083.14 due and owing for defendant's overpayment of the total amount financed ($47,027.64 − $45,944.50), $12,870 due and owing for damage caused to the vehicle, and $73,100 due and owing for defendant's loss of use of the vehicle. Defendant is also entitled to have the vehicle returned. Thus, this action is remanded in order that the trial court may ensure that the vehicle is returned to defendant and for the entry of a judgment in the amount of $87,053.14.

Affirmed as modified and remanded.

INGLIS and DOYLE, JJ., concur.