No. 3--01--0683 _________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2002

ROUTE 50 AUTO SALES, INC.,      )  Appeal from the Circuit Court

d/b/a KANKAKEE AUTO MART,       )  of the 21st Judicial Circuit,

       )  Kankakee County, Illinois,

Plaintiff-Appellee,        ) 

       )

v.                         )  No. 00--LM--290

  ) 

ALDERSON B. MUNCY and       ) Honorable

CHRISTINE C. MUNCY,       )  Duane J. O’Connor,

                           )  Judge, Presiding.

Defendants-Appellants.       )   

________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

________________________________________________________________

The plaintiff, Route 50 Auto Sales, Inc., filed a complaint seeking recovery from the defendants, Alderson and Christine Muncy, in the amount of $5,404.44.  Defendants moved to dismiss the complaint and the trial court denied defendants’ motion.  Following a bench trial, judgment was entered in favor of plaintiff in the amount of $3,920.69, plus costs.  Defendants appeal.  We affirm, but modify the judgment of the trial court.

FACTS

In the complaint, plaintiff alleged that it had sold a 1988 Chevrolet pickup truck to the defendants and that the defendants had defaulted on the Bill of Sale/Memorandum of Installment Sale (installment contract).  

The installment contract provided for a sale price of $7,540.69.  The unpaid balance on the contract was $7,040.69 after a $500 trade-in allowance was subtracted from the sale price.  Under the contract, defendants were required to pay "28+ approx. payments of $250.00 each month," and the annual percentage rate was 18%.  However, the contract did not include a statement regarding the total amount of the finance charge or the sum of the payments due.  

At some point, plaintiff regained possession of the pickup truck.  Plaintiff later sold the vehicle at auction for $1,500 and claimed $375 in fees related to the sale.  Plaintiff then brought this action, seeking recovery from defendants in the amount of $5,404.44.  

Defendants filed a motion to dismiss the complaint, asserting that plaintiff was precluded from enforcing the contract because it did not meet the requirements of the Motor Vehicle Retail Installment Sales Act (Act).  See 815 ILCS 375/1 
et
 
seq.
 (West 1998).  The trial court denied defendants’ motion to dismiss.  

At trial, an exhibit was submitted which indicated defendants had made total payments on the contract in the amount of $2,750.  The exhibit also documented interest charges, late payment fees and two "repossession fees" which plaintiff charged to defendants.  The trial court entered judgment in favor of plaintiff in the amount of $3,920.69, plus costs. 

DISCUSSION

The parties do not dispute that a violation of the Act occurred.  Instead, they contest whether the defendants may raise a violation of the Act in defending against plaintiff’s claim.  In particular, plaintiff contends the Act is only enforceable by the Attorney General or a State’s Attorney and, therefore, it does not provide for a private cause of action.  Defendants contend they are not bringing a private cause of action, but are raising plaintiff’s failure to comply with the Act as a defense to the action for recovery on the contract.

Initially, we note the Act does provide that the Attorney General or the State’s Attorney of any county may bring an action to restrain or prevent any violation of the Act.  See 815 ILCS 375/23 (West 1998).  However, the defendants did not file an action to enforce the provisions of the Act in this case.  Instead, the defendants are raising the violation of the Act as a defense against plaintiff’s action.  Therefore, section 23 of the Act is not applicable to this matter.    

Regarding defendant’s assertion that the Act provides a defense to plaintiff’s claim, a failure to comply with the provisions of the Act does not render the contract void or unenforceable.  
Ford Motor Credit Co. v. Neiser
, 196 Ill. App. 3d 515, 554 N.E.2d 322 (1990)
.  The remedy for noncompliance with the Act is limited to the penalties provided in the statute.  
Neiser
, 196 Ill. App. 3d 515, 554 N.E.2d 322
. 

The statute provides that a person who violates the Act may not recover finance charges, delinquency or collection charges, or refinance charges on the installment contract, unless the violation is due to an accident or error of computation.  815 ILCS 375/24(b) (West 1998).  This section clearly provides that any person who violates the Act cannot collect any delinquency or finance charge on the installment contract at issue.  See 
First Chicago Gary-Wheaton Bank v. Gaughan
, 275 Ill. App. 3d 53, 655 N.E.2d 936 (1995) (plain reading of Act shows legislature intended that violation would preclude any recovery of finance charges under the contract); 
Neiser
, 196 Ill. App. 3d 515, 554 N.E.2d 322 (Act is clear that a violation of its provisions will result in denial of recovery of delinquency or finance charge).

In this case, the contract fails to meet the requirements of the Act in several respects, including failure to state the total amount of the finance charge, failure to accurately state the number of payments required to repay the debt and failure to state the sum of the payments due as a "total of payments."  See 815 ILCS 375/5 (West 1998).  In fact, the amount due under the stated payment schedule of "28+ approx. payments of $250" would be approximately $7,000, which would not even cover the principal amount of the loan.  We cannot say these violations of the Act were an accident or a computation error.  

Therefore, the penalty provision of the Act may be used as a partial defense to plaintiff’s claim for recovery under the contract.  While the provision does not bar recovery, it forecloses collection of finance charges and delinquency or collection fees.  
A "finance charge" is defined as any charge imposed as a condition of the extension of credit, including interest charges.  815 ILCS 375/2.9 (West 1998).  A delinquency or collection charge includes a charge which may be imposed for default on an installment payment, as well as attorney fees incurred in the collection of the contract.  815 ILCS 375/11 (West 1998). 

In this case, the original balance of the contract was $7,040.69.  At trial, an exhibit was submitted which shows defendants made total payments of $2,750.  The exhibit also documents interest charges, late payment fees and repossession fees, which are not collectible because they are finance charges and delinquency or collection fees.  In addition, plaintiff sold the vehicle at auction for $1,500.  However, the $375 in fees claimed by plaintiff as a result of the sale are not recoverable because they are in the nature of collection or delinquency fees.  Based on these figures, plaintiff is entitled to $2,790.69 on the contract.  ($7,040.69 [original balance] minus $2,750 [payments by defendants] minus $1,500 [recovery at auction sale] equals $2,790.69).  Accordingly, we modify the judgment of the trial court to provide for a judgment in favor of the plaintiff in the amount of $2,790.69
 pursuant to our authority under Supreme Court Rule 615(b)(1).  134 Ill. 2d R. 615(b)(1). 

CONCLUSION 

For the foregoing reasons, we affirm the judgment of the Kankakee County circuit court, but modify the judgment as set forth in this order.

Affirmed as modified.

LYTTON, P.J., and BRESLIN, J., concur.