*In re* ABNER P. *et al.*, Minors, Respondents-Appellees (The People of the State of Illinois, Petitioner-Appellee, v. Pavel P., Respondent-Appellant).

First District (4th Division)   No. 1—03—2031

Opinion filed March 31, 2004.

Stephen Jaffe, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Nancy Kisicki, and Yvette Loizon, Assistant State's Attorneys, of counsel), for the People.

Patrick T. Murphy, Public Guardian, of Chicago (Charles P. Golbert and Kass A. Plain, of counsel), guardian *ad litem*.

JUSTICE THEIS delivered the opinion of the court:

Respondent Pavel P.'s parental rights as to seven of his children, Abner P., Elizabeth P., Nathaniel P., Aaron P., Jacob P., Stephanie P., and Sara P. (collectively, the children), were terminated pursuant to the Juvenile Court Act of 1987 (Act)[1] (705 ILCS 405/1—1 *et seq.* (West 2002)). Respondent filed a motion to quash service by publication and vacate void judgment, which the trial court denied after a hearing. On appeal, respondent contends that the order terminating his parental rights is void because the service by publication effectuated by the State was defective and therefore the trial court did not have jurisdiction over him. Specifically, respondent argues that: (1) the State's affidavit for service by publication did not comply with the requirements of the Act; (2) the clerk did not mail notice to respondent's last known address; (3) the trial court erred in striking respondent's Rule 237(b) (166 Ill. 2d R. 237 (b)) notice to appear; (4) diligent efforts were not used to serve process either personally or by certified mail; and (5) it was error for the trial court to find that *laches* applied. We affirm.

On May 24, 1999, the State filed petitions for adjudication of wardship on behalf of the children. Respondent was personally served with summons and the adjudication petitions on June 30, 1999. The summons contained language informing respondent that he would not be entitled to further notice or publication of proceedings in the case, including the filing of an amended petition or a motion to terminate parental rights. Respondent filed his appearance on March 14, 2000, and was present personally and through counsel at the adjudication hearing, which commenced on February 6, 2001. On February 7, the trial court found that the children were neglected and physically abused.

On April 15, 2001, the State filed a petition to appoint a guardian with right to consent to adoption on behalf of the children. Respondent filed an answer denying the allegations in that petition. On November 14, 2001, the State filed a Rule 237(b) notice for respondent to appear at the termination of parental rights trial. Respondent filed a motion to advance and reset the trial date of December 10, 2001. On February 26, 2002, the State was granted leave to withdraw its motion to appoint a guardian with right to consent to adoption. On April 16, 2002, respondent's counsel filed a motion for leave to withdraw, which the trial court granted. Respondent did not request to be appointed another attorney. On June 4, 2002, the trial court entered dispositional orders finding that respondent was unwilling and unfit to parent his

[1]The children's mother voluntarily terminated her parental rights and consented to adoption of the children and takes no part in this appeal.

children and adjudicating them wards of the court and appointing the Department of Children and Family Services (DCFS) as guardian.

On November 14, 2002, the State filed supplemental petitions for appointment of a guardian with the right to consent to adoption on behalf of the children. These petitions were filed under the same case numbers listed on the summons that was personally served to respondent on June 30, 1999. On November 15, 2002, the State issued a summons advising respondent of the termination proceeding. A sheriff attempted to serve respondent at 4933 West Cuyler on December 3, 2002, at 7:47 p.m. and December 5, 2002, at 11:25 a.m. The summons return forms indicated that respondent was "not listed" as a resident.

On December 24, 2002, the State filed an affidavit for service by publication and notice by publication was subsequently printed in the Chicago Sun-Times on January 16, 2003, advising respondent of the January 30, 2003, hearing date, as well as the time and location. The notice also warned respondent that his parental rights could be terminated and that a guardian could be appointed with power to consent to the adoption of his children.

Respondent did not appear at the January 30, 2003, hearing, and the trial court entered an order defaulting him for want of appearance. Thereafter, on March 4, 2003, the trial court entered an order involuntarily terminating respondent's parental rights with respect to the children on the basis that he was unfit. The order also provided for appointment of a guardian with authority to consent to the adoption of the children.

On April 4, 2003, respondent filed a *pro se* notice of appeal from the March 4, 2003, termination orders. The children, through the public guardian, filed a motion to dismiss the appeal for lack of jurisdiction on the grounds that the notice of appeal was filed more than 30 days after the entry of the contested order. On May 20, 2003, this court granted the children's motion. Prior to entry of the dismissal order, respondent filed a *pro se* motion seeking appointment of counsel, which the trial court granted. On May 20, 2003, respondent's counsel filed a "Motion to Quash Service By Publication and Vacate Void Judgment" in the trial court. On June 20, 2003, the State filed its response to respondent's motion and attached the affidavit of Kimberly Seymore, chief deputy clerk of the Cook County juvenile court child protection division.

Respondent filed a notice to appear under Supreme Court Rule 237(b) (166 Ill. 2d R. 237(b)) requiring Mesha G. Miller, who signed the affidavit in support of service by publication, to appear at the hearing. The State filed a motion to strike that motion. The trial court

ruled in the State's favor, finding that a Rule 237(b) notice was not appropriate for a posttrial motion. Respondent then sought to strike Seymore's affidavit, arguing that it did not comport with the requirements of Supreme Court Rule 191 (145 Ill. 2d R. 191). The trial court denied respondent's motion.

A hearing on the motion to quash service by publication and vacate void judgment was held on July 7, 2003. On July 11, prior to ruling on the motion, the trial court stated that it was treating respondent's motion as a section 2—1401 motion pursuant to the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 2002)) because it was filed after 30 days but within 2 years of the order terminating his parental rights. The trial court then denied the motion, finding that service by publication was proper. The trial court further found that respondent's procedural attack on the order terminating his parental rights was barred by the doctrine of *laches* and that respondent had actual knowledge of the termination proceedings. Respondent then filed this timely appeal.

On appeal, respondent first argues that the trial court's order terminating his parental rights is void because the service by publication effectuated by the State was defective and therefore the trial court did not have jurisdiction over him.

■ An order rendered by a court is void " ' "only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties." [Citation.]' " *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174, 692 N.E.2d 281, 284 (1998). Proper service of summons is required to establish *in personam* jurisdiction. *In re D.J.S.*, 308 Ill. App. 3d 291, 294, 719 N.E.2d 1168, 1171 (1999). The manner in which summons was to be served in this case is governed by the Act, which provides, in pertinent part, as follows:

> "(3) *** The summons shall contain a notice that the parties will not be entitled to further written notices or publication notices of proceedings in this case, including the filing of an amended petition or a motion to terminate parental rights, except as required by Supreme Court Rule 11.
> ***
> (5) Service of summons and petition shall be made by: (a) leaving a copy thereof with the person summoned ***." 705 ILCS 405/2—15(3), (5) (West 1998).

Respondent does not dispute that on June 30, 1999, he was personally served with summons in the underlying adjudication phase of the juvenile cases in question. Pursuant to the Act, the summons with which he was served stated as follows:

"YOU WILL NOT BE ENTITLED TO FURTHER WRITTEN NOTICE OR PUBLICATION NOTICES OF PROCEEDINGS IN THIS CASE INCLUDING THE FILING OF AN AMENDED PETITION OR A MOTION TO TERMINATE PARENTAL RIGHTS EXCEPT AS REQUIRED BY SUPREME COURT RULE 11."

We find that the summons that was served personally upon respondent contained the requisite language and otherwise met the requirements of the Act, and therefore vested the trial court with personal jurisdiction over him. Respondent argues, however, that the jurisdiction the trial court gained over him by way of personal summons did not extend to the termination phase of the case. Prior to addressing respondent's specific arguments regarding the propriety of the subsequent service by publication, we must address the question of whether it was necessary for the trial court to reestablish personal jurisdiction over respondent upon the inception of the termination phase of this case.

Respondent concedes that he has found no cases specifically on point, but argues that due to the complete finality and extreme gravity of an order extinguishing all parental rights, a supplemental petition seeking such relief should be considered to be a new proceeding, although filed under an existing case number. Therefore, he argues, it should be necessary for a court to reestablish jurisdiction over a parent prior to terminating parental rights. The question of whether the termination of parental rights phase of a juvenile case constitutes a new proceeding such that jurisdiction over the parties must be reestablished at its inception appears to be one of first impression.

In a recent Fourth District case, in deciding whether respondent's motion to substitute judge was properly denied, the majority stated that "[b]y filing a motion to terminate parental rights, the State initiated an entirely new proceeding, albeit in the same circuit court case number," but cited no authority for the proposition. *In re D.F.*, 321 Ill. App. 3d 211, 224, 748 N.E.2d 271, 282-83 (2001). In his dissent, Justice Cook noted that the majority's reasoning that separate proceedings are involved is at odds with the Act, which provides that the parties are not entitled to additional notice upon the filing of an amended petition or a motion to terminate parental rights. *In re D.F.*, 321 Ill. App. 3d at 227, 748 N.E.2d at 285 (Cook, J., dissenting). On appeal, the Illinois Supreme Court found that it did not need to reach the issue of whether the filing of a petition to terminate parental rights in a case that has been proceeding under the Act " 'begins a new case within that case number' " in order to resolve the substitution-of-judge issue. *In re D.F.*, 201 Ill. 2d 476, 507, 777 N.E.2d 930, 947 (2002), quoting *In re D.F.*, 321 Ill. App. 3d at 224.

Left without guidance from case law, we look to the language of the Act itself to answer the question before us. Section 2—15 of the Act, which concerns summons, was amended by Public Act 90—28, effective January 1, 1998. The amendment added the provision requiring that the summons provide notice to the parties that they will not receive further written notices or publication notices of proceedings in the case, including the filing of an amended petition or a motion to terminate parental rights. 705 ILCS 405/2—15(3) (West 1998). To hold that jurisdiction over a respondent in a juvenile case must be reestablished upon the filing of a termination petition would render the language added to the summons section of the Act by way of Public Act 90—28 meaningless. See *First Chicago Gary-Wheaton Bank v. Gaughan*, 275 Ill. App. 3d 53, 59, 655 N.E.2d 936, 941 (1995) ("[Statutory] language should be given its plain and ordinary meaning [citation] and no word or paragraph should be interpreted so as to be rendered meaningless"). This we will not do.

■ Based on the language in the Act added by Public Act 90—28, we agree with Justice Cook's reasoning that the filing of a petition to terminate parental rights does not initiate an entirely new proceeding within an existing case number. We find that because the Act does not require notice of the filing of a motion to terminate parental rights upon a respondent who has been properly served with summons, then it is also not necessary to reissue a summons for that party upon the filing of such a motion. We further find that because a new proceeding is not involved and because the termination phase of a juvenile case proceeds under the same case number as the adjudication phase of the case, jurisdiction over a respondent need not be reestablished once it has been properly established in the existing juvenile case in question.[2]

Additionally, this court has held that the trial court properly exercised jurisdiction over a respondent who had not been served with summons upon the filing of a petition for adjudication of wardship, but who nonetheless voluntarily appeared at the initial hearing, thereby subjecting himself to the jurisdiction of the court. *In re D.J.S.*, 308 Ill. App. 3d at 294, 719 N.E.2d at 1171. This court further held that the orders of the trial court, including the order terminating respondent's parental rights, were not void. *In re D.J.S.*, 308 Ill. App.

---

[2]We reject respondent's contention that the gravity of a termination proceeding requires a court to reestablish jurisdiction over the parents whose rights are at stake, as the Act specifies that a respondent who is properly served is not entitled to notice of the filing of a motion to terminate parental rights. 705 ILCS 405/2—14 (West 1998).

3d at 294, 719 N.E.2d at 1171. The facts in the case at bar provide stronger support for our holding that the trial court's order terminating respondent's parental rights is not void. Not only did the respondent here appear at the adjudication hearing, thereby subjecting himself to the court's jurisdiction, but he was also served with personal summons along with the petitions for adjudication of wardship.

Because we find that the trial court did not need to reestablish personal jurisdiction over respondent upon the initiation of termination proceedings, the trial court's order terminating respondent's parental rights was not void. Because the remainder of respondent's arguments on appeal are predicated on the assumption that jurisdiction over him had to be reestablished, we need not address them.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

QUINN, P.J., and GREIMAN, J., concur.