GRANVILLE BEACH CONDOMINIUM ASSOCIATION, Indiv. and as Duly Authorized Agent, *et al.*, Plaintiffs, v. GRANVILLE BEACH CONDOMINIUMS, INC., *et al.*, Defendants (Granville Beach Condominiums, Inc., *et al.*, Third-Party Plaintiffs-Appellants; R.R. Rasmussen and Associates, Third-Party Defendant-Appellee).

First District (4th Division)   No. 1—90—2829

Opinion filed March 19, 1992.

Seymour Simon, James A. Flesch, and Keith W. Medansky, all of Rudnick & Wolfe, of Chicago, for appellants.

A. Jeffrey Seidman, of Cassiday, Schade & Gloor, of Chicago (Timothy J. Ashe and Kathlein K. Krider, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, Granville Beach Condominium Association and certain individual condominium owners (owners), brought suit against the defendants, Granville Beach Condominiums, Inc., and others involved in converting an apartment building into condominiums (developers). The owners also sued R.R. Rasmussen & Associates, the architect which prepared certain portions of the condominium disclosure documents. The complaint alleged various contract and tort theories against the developers and sought recovery from Rasmussen solely on the tort theory of negligent misrepresentation. Essentially, the owners alleged that the condition of the property was not as represented by the defendants and sought recovery for the cost of repairs. In November 1989, the trial court approved a settlement between the owners and Rasmussen as having been made in good faith pursuant to an "An Act in relation to contribution among joint tortfeasors" (Contribution Act) (Ill. Rev. Stat. 1989, ch. 70, par. 301 *et seq.*), and discharged Rasmussen from all liability for contribution to any other party. On the same day, the court allowed the developers leave to file a third-party complaint against Rasmussen seeking indemnity. Subsequently, on motion of Rasmussen, the court in August of 1990 dismissed the developers' third-party complaint on the grounds that it was barred by the Contribution Act settlement.

The developers contend on appeal that the trial court erred in discharging Rasmussen from all liability to any other party and in subsequently dismissing the developers' third-party complaint seeking indemnity from Rasmussen. They argue that they were not subject to liability in tort to the owners and could therefore not be barred by the Contribution Act from seeking contractual indemnity from Rasmussen. Rasmussen maintains that this court lacks jurisdiction of the developers' appeal from the November 1989 order on the grounds that the developers failed to file a timely notice of appeal. Rasmussen further maintains that the trial court properly dismissed the developers' third-party indemnity action on the grounds that it was barred by the Contribution Act.

The underlying lawsuit between the condominium owners, developers and Rasmussen arose out of the development, conversion and sale of condominium units in the Granville Beach Condominiums located at 6171 North Sheridan Road in Chicago. The developers were

responsible for the conversion of the units from apartments to condominium units. The developers contracted with Rasmussen to prepare the engineer's report, a document describing the condition of the building which was distributed to the owners as part of the condominium disclosure documents.

The original complaint filed by the owners alleged that the developers violated provisions of the Chicago condominium ordinance, breached an express warranty as to the condition of the building based on the engineer's report, breached an implied warranty of habitability, violated a fiduciary duty to the owners and fraudulently misrepresented and concealed problems with the building. The complaint alleged that Rasmussen made negligent misrepresentations in the engineer's report. The owners alleged that as a result of the defendants' conduct, the owners "have incurred and will incur substantial, unforeseen costs to repair, replace and refurbish the common areas of the Condominium." The owners sought to recover the costs of those repairs.

During the course of the proceedings, several counts of the complaint were either stricken or dismissed. In November of 1989, the only claims remaining were the breach of express warranty and breach of fiduciary duty claims against the developers and the negligence claim against Rasmussen. On November 8, 1989, the developers filed a motion requesting leave to file a third-party complaint against Rasmussen. The motion alleged that "[i]n the event that [the developers] are found liable for the aforementioned alleged breaches of warranty and fiduciary duty, Rasmussen may be correspondingly liable" to the developers. On November 9, 1989, Rasmussen filed a motion stating that it had entered into a settlement with the owners. The motion sought approval of the settlement as having been made in good faith and asked that Rasmussen "be discharged from any further liability to the [owners] or any other tortfeasor pursuant to the common and statutory law of the State of Illinois, including, but not limited to, the Contribution Act."

Both the developers' motion to file a third-party complaint and Rasmussen's motion for approval of the settlement were scheduled for a hearing on November 28, 1989. The record does not contain a transcript of that hearing. However, it does contain the affidavit of one of the developers' attorneys stating that he was present at the hearing and that Rasmussen's attorney orally represented to the court that the motion to approve the settlement between the owners and Rasmussen "was not intended to prejudice any claims that the third party plaintiffs have against Rasmussen." Following the hearing, the court entered two orders on November 28, 1989. The first order granted leave to the

developers to file a third-party complaint against Rasmussen and stated as follows:

> "This matter coming to be heard on Defendants' (except Rasmussen's) motion to file a third party complaint against Rasmussen, due notice having been given and counsel for all parties being present and no objections having been filed to the motion, It Is Hereby Ordered That, leave is given to the Defendants to file their third party complaint against Rasmussen on or before December 12, 1989."

The second order approved the settlement between the owners and Rasmussen as a good-faith settlement in compliance with the Contribution Act. The order discharged Rasmussen from all liability to the owners, then provided as follows:

> "IT IS HEREBY FURTHER ORDERED that said dismissal shall be with prejudice as to said defendant, R.R. RASMUSSEN & ASSOCIATES, only, and shall be a bar to the bringing of any action against said defendant, R.R. RASMUSSEN & ASSOCIATES, by any person or party or tortfeasor arising out of plaintiff's causes of action.
>
> IT IS HEREBY FURTHER ORDERED that in accordance with Ill. Rev. Stat. Ch. 70, Section 302(d), R.R. RASMUSSEN & ASSOCIATES is discharged from all further liability for any contribution to any other party in this suit.
>
> * * *
>
> IT IS HEREBY FURTHER ORDERED that the Court finds there is no just reason to delay the enforcement of or appeal from this order."

The developers did not file a notice of appeal from this order within 30 days of its entry.

On December 1, 1989, the developers filed a third-party complaint against Rasmussen seeking implied contractual indemnity based on their contract with Rasmussen to supply the engineer's report. Rasmussen filed a motion to dismiss the complaint on the grounds that it was barred by the settlement order of November 28, 1989, as well as by the provisions of the Contribution Act. On August 30, 1990, the court entered an order dismissing the developers' third-party complaint, "based solely upon the prior order regarding the good faith settlement of R.R. Rasmussen entered by this Court on November 28, 1989." On September 28, 1990, the developers filed a notice of appeal from the order dismissing their third-party complaint. The notice of appeal stated that the developers also sought to vacate in part the order

of November 28, 1990, insofar as it related to their right to pursue a third-party action against Rasmussen.

■ Initially, Rasmussen contends that this court lacks jurisdiction of the November 28, 1989, order because it was a final order which the developers failed to timely appeal. We agree. The order approving the settlement between Rasmussen and the owners constituted a final disposition as to a definite and separate part of the litigation, and the court made an express finding that there was no just reason to delay enforcement or appeal. (134 Ill. 2d R. 304(a).) Having failed to file a timely notice of appeal, the developers may not seek relief from this order.

However, our determination that the settlement order of November 28, 1989, was a final order is not dispositive of this cause. Rasmussen concedes that this court does have jurisdiction of the August 30, 1990, order which dismissed the developers' complaint based on the trial court's interpretation of the November 28, 1989, order. In order to decide whether the dismissal was proper, it is necessary for us to examine the November 28, 1989, order to determine whether it did in fact bar the developers from filing a third-party complaint against Rasmussen.

Essentially, Rasmussen's position is that the language of the November 28, 1989, order barred "any person or party" from bringing an action against Rasmussen and that, not having been appealed, the order stands as the law of the case. The developers maintain that Rasmussen's interpretation of the order is unreasonable because it fails to account for the fact that on the same day it was entered, the court allowed the developers leave to file a third-party complaint against Rasmussen.

■ A court order must be interpreted in its entirety, having reference to other parts of the record, including the pleadings, the motions before the court and the issues to be decided. (*City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 687, 525 N.E.2d 915; *Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 33, 446 N.E.2d 1205.) Orders are to be construed in a reasonable manner so as to give effect to the apparent intention of the trial court. *Baldi*, 113 Ill. App. 3d 29, 446 N.E.2d 1205.

In the case at bar, two motions were scheduled for hearing on November 28, 1989. The first was the developers' motion for leave to file a third-party complaint against Rasmussen. Rasmussen filed no objections to the motion, which alleged that "[i]n the event that [the developers] are found liable for the aforementioned alleged breaches of warranty and fiduciary duty, Rasmussen may be correspondingly liable to [the developers]." Thus, the court was aware of the fact that the devel-

opers were seeking to bring suit against Rasmussen and that the suit involved the claims made by the plaintiff condominium owners. The second motion before the court was Rasmussen's motion to approve the settlement between it and the owners and to discharge Rasmussen from further liability for contribution to any other tortfeasor pursuant to the Contribution Act. The record does not contain a transcript of the hearing on these two motions. However, according to the uncontroverted affidavit of the developers' attorney, counsel for Rasmussen represented to the court that Rasmussen's motion to approve the settlement "was not intended to prejudice any claims that the third party plaintiffs [the developers] have against Rasmussen." It was in this context that the court entered its two orders of November 28, 1989. One granted the developers leave to file a third-party complaint against Rasmussen; the other approved the settlement between the owners and Rasmussen, dismissed Rasmussen from the owners' lawsuit and barred the bringing of any action against Rasmussen "by any person or party or tortfeasor arising out of plaintiff's causes of action."

If we were to adopt Rasmussen's argument that the second order was intended to foreclose any action by the developers against Rasmussen, the order granting the developers leave to file such an action would be rendered meaningless. In our opinion, given the allegations in the motions and the representations made to the court, the court intended to discharge Rasmussen from liability under the Contribution Act but did not intend to foreclose all possible theories of recovery that the developers could assert against Rasmussen. Consequently, because we interpret the court's order of November 28, 1989, as barring only claims brought under the Contribution Act, we cannot sustain Rasmussen's argument that the order barred any and all possible claims the developers could assert against Rasmussen.

Rasmussen responds that even if the developers' complaint was not barred by the language of the November 28, 1989, order, it was barred by the Contribution Act itself, which provides that once a party makes a good-faith settlement with a claimant, that party is discharged from all liability for contribution to any other tortfeasor.

■■ The Contribution Act provides in pertinent part as follows:

"§2. Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are *subject to liability in tort arising out of the same injury to person or property,* or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.

* * *

(d) The tortfeasor who settles with a claimant *** is discharged from all liability for any contribution to any other tortfeasor." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 70, pars. 302(a), (d).

The developers argue that neither the owners' lawsuit against the developers nor the developers' third-party claim against Rasmussen was based on tort law. The developers maintain that the owners' suit against them sought recovery for economic loss caused by the developers' alleged breach of contract. The developers, in turn, sought recovery from Rasmussen on the theory of implied contractual indemnity based on Rasmussen's breach of its contract to supply the developers with a proper engineer's report. The developers argue that because they are not tortfeasors within the meaning of the Contribution Act and are not seeking contribution from Rasmussen, the court erred in dismissing their third-party complaint.

■ As noted by one commentator:

"Traditionally, and in theory, the line between contract law and tort law is distinct. Contract law applies to those obligations which are voluntarily undertaken between parties and is grounded in the contracting parties' mutual expectations. Tort law, on the other hand, imposes a social responsibility regardless of undertaking. It imports by law a required standard of conduct for the protection of others against unreasonable risk. A failure to conform to the prescribed standard, and a resulting injury, engenders liability even absent contract." (Bertschy, *Negligent Performance of Service Contracts and the Economic Loss Doctrine*, 17 J. Marshall L. Rev. 249, 250 (1984).)

Earlier, in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, the supreme court held that economic losses are generally not recoverable in tort.[1] The court reasoned that while tort theory is appropriately suited for personal injury or property damage resulting from a sudden or dangerous occurrence, "[t]he remedy for economic loss, loss relating to a purchaser's disappointed expectations *** lies in contract." *Moorman*, 91 Ill. 2d at 86, 435 N.E.2d at 450.

---

[1]*Moorman* delineated two exceptions to this general rule: economic losses are recoverable when one intentionally makes false representations or when one who is in the business of supplying information for the guidance of others in their business transactions makes negligent misrepresentations. *Moorman*, 91 Ill. 2d at 88-89, 435 N.E.2d at 452.

■ The *Moorman* court defined economic loss as " 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage to other property.' " (*Moorman*, 91 Ill. 2d at 82, 435 N.E.2d at 449, quoting Note, *Economic Loss in Products Liability Jurisprudence*, 66 Colum. L. Rev. 917, 918 (1966).) In *2314 Lincoln Park West Condominium Association v. Mann, Gin, Ebel, & Frazier, Ltd.* (1990), 136 Ill. 2d 302, 555 N.E.2d 346, a condominium association sued an architect to recover the costs of repairing defects in the property which resulted from the architect's alleged negligent design. In denying recovery under a tort theory, the court stated that the plaintiff "is seeking an award of damages for the cost of repairing defects in the property, and there is no contention that personal injury or damage to other property has resulted." *2314 Lincoln Park West*, 136 Ill. 2d at 312, 555 N.E.2d at 351.

■ The Contribution Act, like the above case law, speaks in terms of the type of loss suffered. Specifically, it provides that a right of contribution exists among two or more persons "subject to liability in tort arising out of the same *injury to person or property.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 70, par. 302(a).) In the case at bar, the underlying complaint by the owners against both Rasmussen and the developers sought only the costs of repairing the condominium property. Applying the definition set forth by the supreme court in *Moorman* and *2314 Lincoln Park West*, it appears clear that the claims were to recover economic loss and were not based on injury to person or property. We conclude, therefore, that section 2(a) of the Contribution Act does not establish a right of contribution between Rasmussen and the developers. Accordingly, Rasmussen cannot rely upon section 2(d) as a basis for discharging it from liability to the developers. In our view, the trial court erred in finding that the Contribution Act barred the developers' third-party complaint for contractual indemnity against Rasmussen.

Based on the foregoing reasoning, the judgment of the circuit court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LINN and McMORROW, JJ., concur.