P AND A FLOOR COMPANY, INC., Plaintiff-Appellee, v. JAMES BURCH, Indiv. and d/b/a James Burch and Associates, Defendants-Appellees (Statewide Insurance Company, Defendant-Appellant).

First District (3rd Division)   No. 1—96—0537

Opinion filed June 4, 1997.

82

Brydges, Riseborough, Peterson, Franke & Morris, of Waukegan (Louis W. Brydges, Sr., Darrell S. Dudzik, and Leslie A. Peterson, of counsel), for appellant.

Griffin & Griffin, of Chicago (David J. Griffin, James T. Ferrini, and Edward M. Kay, of counsel), for appellee James Burch.

Timothy K. Travers, of Tenney & Bentley, of Chicago, for intervenors Adrian Winick and Linda Winick.

JUSTICE GORDON delivered the opinion of the court:

On August 17, 1990, while plaintiff P&A Floor Company, Inc. (P&A), was performing a floor-sanding operation at a property owned by the underlying plaintiffs Adrian and Linda Winick,[1] a fire broke out. After the fire, the Winicks filed the underlying lawsuit against P&A in the circuit court of Cook County, seeking to hold P&A responsible for damages that resulted from the fire. Thereafter, P&A contacted its insurance carrier, defendant Statewide Insurance Company (Statewide), to inform it of the fire, at which time Statewide advised P&A that the Statewide policy at issue had been cancelled prior to the fire due to the nonpayment of premiums.

P&A then filed the instant two-count action against its insurer, Statewide, and its insurance broker, James Burch (individually and doing business as James Burch & Associates) (hereinafter referred to as Burch). Count I sought a declaratory judgment against Statewide and Burch. In count I, P&A alleged that in April 1990, it purchased a general commercial liability insurance policy from Statewide through defendant Burch. P&A further alleged that at that time it paid Burch the first premium installment of $140 and agreed to pay the balance owing on the premium in monthly installments through a certain premium financing company (H&M). Burch then sent P&A a certificate of insurance acknowledging its coverage. P&A also alleged that it received no invoice for premiums in May or June 1990, from H&M, Burch or Statewide, and that H&M sent P&A a late premium payment notice in July 1990, which P&A never received because it was sent to the wrong address. According to the complaint, shortly thereafter, Statewide sent P&A an insurance coverage cancellation notice, which P&A never received because it was sent to the wrong address. Count I sought the following relief: (A) that the trial court declare the Statewide policy in issue to have been "in full force and effect" at

---

[1]By order of June 6, 1996, this court granted the petition of underlying plaintiffs Adrian and Linda Winick to intervene in this appeal. The Winicks sought leave to intervene in order to protect their interest in the proceeds of the Statewide insurance policy that is the subject of this appeal. In support of their petition, the Winicks urged that on February 21, 1996, a judgment in the case underlying this declaratory judgement action (Winick v. P&A Floor Co., No. 91 L 6007 (Cook County, Illinois)) was entered in their favor and against plaintiff P&A in the amount of $147,934; that P&A had no assets other than its Statewide insurance policy; and that P&A did not plan to defend this appeal by Statewide.

the time of the fire; (B) that defendants Statewide and Burch be required to defend P&A in the underlying lawsuit and in any future claims against P&A relating to the fire; (C) that defendants be required to reimburse P&A for all expenses, costs, and fees incurred in the underlying action and in the declaratory judgment action; (D) that defendants be required "to provide legal defense, as well as insurance coverage, up to the amount as stated in the aforesaid POLICY"; and (E) that defendants be required to pay for costs and fees "incurred to date in this matter."

Count II was filed against Burch only, from whom it sought damages under a negligence theory. It alleged that Burch failed to properly notify Statewide and H&M of P&A's correct address; failed to notify P&A that its premiums were past due; failed to advise P&A that its Statewide policy was going to be cancelled; and failed to advise P&A that the policy had in fact been cancelled. Defendant Burch filed a cross-motion for contribution against Statewide and a third-party complaint for contribution against E.A. Meindl Insurance Agency (Meindl), which was alleged to have been partially responsible for the financing of P&A's premium payments.

On November 1, 1993, at the conclusion of a bench trial before Judge Theis, the trial court ruled upon the relief requested in count I of P&A's complaint. In its written order, the trial court held that the subject Statewide policy "was in full force and effect" at the time of the fire; that Statewide "has the duty to defend" P&A in the underlying action; that judgment was entered in favor of defendant Burch on count one; and that "no ruling is made on any other count or cross-claim at this time." In the November 1, 1993, colloquy preceding its entry of that order, the trial court explained its ruling as follows:

> "The Parties are before me for ruling after trial. The underlying complaint filed by P&A Floor contains two counts. Count one is [*sic*] declaratory judgment against [the defendants]. \*\*\* [T]he only issue before me now at this point is count one. The essential question here in this case is whether [the] Statewide policy \*\*\* was in full force and effect on [the date of the fire]. Defendants argue that it was not, as the above-named policy was cancelled \*\*\* for nonpayment of premium.
>
> \* \* \*
>
> Statewide lacked authority to cancel the policy and [it] was in full force and effect on [the date of the fire]. \*\*\* Thus Statewide \*\*\* has had the duty to defend the claims arising out of the fire \*\*\* . \*\*\* Accordingly it is ordered that James Burch is not required to defend or indemnify P&A Floor for loss incurred."

After the entry of the November 1, 1993, order, defendant Burch

filed a motion to dismiss count II of P&A's complaint against him and a motion to voluntarily dismiss his action for contribution against Statewide. Defendant Meindl also filed a motion to dismiss Burch's action for contribution against it. All three motions were granted by Judge Dunne on January 7, 1994, at which time the case was administratively coded as being final and was removed in its entirety from the court's calendar.

No further activity took place in this case until nearly one year later, at which time the judge assigned to this case apparently was Judge Dunne. Then on December 29, 1994, Statewide filed a motion requesting a Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) finding that the trial court's November 1, 1993, order was final and appealable. Apparently, no further action was taken with respect to that motion. Seven months later, on July 21, 1995, Statewide filed a new motion, this time before Judge Kinnaird, seeking the same relief and in the alternative seeking permission under Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)) to file an immediate interlocutory appeal from the November 1, 1993, order. In support of its July 21, 1995, motion, Statewide urged that P&A's complaint raised a duty-to-indemnify issue that was not resolved by the Judge Theis in her November 1, 1993, order, and that, therefore, the duty-to-defend issue resolved in that order could not be appealed without a Rule 304(a) finding or, in the alternative, a Rule 308(a) certification.

On October 16, 1995, a hearing was commenced before Judge Kinnaird on Statewide's motion for a Rule 304(a) finding or a Rule 308(a) certification. Initially, Judge Kinnaird orally agreed with Statewide that the issue of indemnification had been raised in P&A's complaint and had not been resolved in the November 1, 1993, order. The court noted that the prayer for relief in count I of P&A's complaint did not contain an express request for indemnification. However, the judge further noted that paragraph (D) of the prayer requested that defendants be required to provide legal defense "as well as insurance coverage, up to the amount as stated in the aforesaid policy." According to the trial court in its October 16, 1995, hearing, "[t]echnically, that is the duty to indemnify." The court then ordered the parties to draft a written order reflecting its oral findings for its signature. Such an order was apparently prepared and submitted to Judge Kinnaird on October 16, 1995, which the judge then took under advisement.

At a follow-up hearing on January 8, 1996, Judge Kinnaird rejected the written order submitted by the parties, retracted her oral statements of October 16, 1995, regarding the pendency of an indemnification issue in the pleadings, and entered a written order

denying Statewide's motions for Rule 308 certification and for the addition of Rule 304(a) language to the November 1, 1993, order. In that order, the trial court expressly noted that the November 1, 1993, order had disposed of count I of P&A's complaint in its entirety and that the January 7, 1994, order had disposed of count II and of the cross and third-party claims in their entirety. In its oral colloquy on January 8, 1996, with respect to the request for "insurance coverage" in P&A's complaint, the trial court stated as follows:

"The word 'indemnify' doesn't even appear in Count I. *** [The November 1, 1993, order] is very clear, and *** in the transcript [of that date, the court says it] is ruling on Count I. She [Judge Theis] doesn't give any indication there is anything left, neither [*sic*] did any of the Counsel indicate anything about the duty to indemnify. There is nothing there. *** Anyone reading that order together with [the] transcript has got to come to the conclusion *** that that order disposes of Count I. *** [The] order of January 7, 1994 made the case all over with. It was done then as I see it. The order was coded as a final order[,] was taken by the clerk's system off the calendar[, and] the case was considered completed, at least as far as all the records of this Court are concerned.

The case did not appear on my 1994 calendar call [or] on my 1995 calendar call. I didn't even know that the case existed until this motion for 304a finding was presented because the court system records show it was done. *** There isn't anything that I'm seeing that a 304a or 308 would apply to."

On February 6, 1996, Statewide filed its notice of appeal from the trial court's orders of November 1, 1993, October 16, 1995, and January 8, 1996. Appellees then moved to dismiss this appeal for lack of subject matter jurisdiction. The motions to dismiss were supported by memoranda and a response thereto was filed by Statewide. The motions to dismiss were taken with the case and further pursued by the parties in their respective briefs that were filed thereafter. For the reasons that follow, we dismiss this appeal for lack of subject matter jurisdiction.

## DISCUSSION

In their motions to dismiss, appellees contend that this matter became final and appealable on January 7, 1994, in that all issues pertaining to count I were disposed of on November 1, 1993, and all remaining issues pertaining to count II were disposed of on January 7, 1994. Consequently, appellees urge that Statewide's deadline for filing its notice of appeal was on February 7, 1994, pursuant to Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)), which requires

that the notice of appeal be filed within 30 days after the entry of the final judgment from which the appeal is being taken.

In response, Statewide contends that the November 1, 1993, and January 7, 1994, orders were not final or appealable because they did not dispose of P&A's purported request in its complaint for indemnification. Statewide urges that the entire matter became final and appealable only pursuant to the order of January 8, 1996, because, Statewide argues, that order, under the guise of clarifying the November 1, 1993, and January 7, 1994, orders, effectively disposed of the indemnification claim purportedly raised in count I. Therefore, Statewide contends that it was only pursuant to the January 8, 1996, order that all issues raised by the pleadings were disposed of and that, as a result, the notice of appeal filed 29 days later on February 6, 1996, was timely. Statewide additionally urges that the trial court erred in its January 8, 1996, order in denying its request for a Rule 304(a) finding or, in the alternative, a Rule 308(a) certification.

■ Every final judgment of a circuit court in a civil case is appealable pursuant to Illinois Supreme Court Rule 301 (155 Ill. 2d R. 301), and the filing of a notice of appeal vests jurisdiction in the appellate court to hear the appeal of such orders. See, *e.g.*, *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 640 N.E.2d 1313 (1994); *In re Application of the County Treasurer & Ex-Officio County Collector of Cook County for Judgment & Order of Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes for 1984*, 208 Ill. App. 3d 561, 567 N.E.2d 486 (1990). The time for filing the notice of appeal is governed by Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)). That rule provides in relevant part as follows:

"Except as provided *** below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-judgment motion." 155 Ill. 2d R. 303(a)(1).

A final judgment is defined as "one which fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *Nelson v. United Airlines, Inc.*, 243 Ill. App. 3d 795, 799, 612 N.E.2d 980, 983 (1993). See also *F.H. Prince*, 266 Ill. App. 3d 977, 640 N.E.2d 1313 (stating that for purposes of Rule 303, an order or judgment is final if it terminates the litigation between the parties on the merits or disposes of the rights of the parties upon all or a definite part of the controversy).

■ Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) governs those circumstances in which a judgment involving multiple parties or multiple claims disposes of at least one but less than all of such parties or claims. Rule 304(a) provides in pertinent part as follows:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

Prior to the resolution of all claims with respect to all parties, any order entered in the case even if final as to any one party or claim remains nonappealable unless such order contains a finding in compliance with Rule 304(a), that there is no just reason to delay enforcement or appeal. See *First Chicago Gary-Wheaton Bank v. Gaughan*, 275 Ill. App. 3d 53, 655 N.E.2d 936 (1995); *F.H. Prince*, 266 Ill. App. 3d 977, 640 N.E.2d 1313; *Home State Bank/ National Ass'n v. Potokar*, 249 Ill. App. 3d 127, 617 N.E.2d 1302 (1993) (order disposing of fewer than all claims that lacks Rule 304(a) finding is subject to revision before the entry of a judgment that adjudicates all claims and liabilities of the parties); *Northern Trust Co. v. Upjohn Co.*, 213 Ill. App. 3d 390, 572 N.E.2d 1030 (1991).

As noted, Statewide urges that the November 1, 1993, order was not final as to count I in its entirety but, rather, left unresolved a supposed request in P&A's complaint for indemnification in the underlying litigation. Statewide further contends that, consequently, the November 1, 1993, and January 7, 1994, orders did not become final and appealable until the trial court's January 8, 1996, order, which, Statewide would urge, operated as a dismissal of the allegedly pending request for indemnification. We disagree.

■ Orders of a trial court must be interpreted from the entire context in which they were entered, with reference to other parts of the record including the pleadings, motions and issues before the court; the transcript of proceedings before the court; and arguments of counsel. *Granville Beach Condominium Ass'n v. Granville Beach Condominiums, Inc.*, 227 Ill. App. 3d 715, 592 N.E.2d 160 (1992); *City of Chicago v. American National Bank & Trust Co.*, 171 Ill. App. 3d 680, 525 N.E.2d 915 (1988); *Baldi v. Chicago Title & Trust Co.*, 113 Ill. App. 3d 29, 446 N.E.2d 1205 (1983). Orders must be construed in a

reasonable manner so as to give effect to the apparent intention of the trial court. *Baldi*, 113 Ill. App. 3d 29, 446 N.E.2d 1205. See also *Spiegel v. Hollywood Towers Condominium Ass'n*, 283 Ill. App. 3d 992, 671 N.E.2d 350 (1996) (court looked to transcript of hearing to determine intent of trial court in its written order); *People v. Ryan*, 259 Ill. App. 3d 611, 614, 631 N.E.2d 348, 351 (1994) ("[c]ollectively, the context in which the trial [judge] ruled, the issues he was deciding, and the judge's own observations about the defendant's motion demonstrate that he did not intend his order to be a final adjudication on the merits"); *American National Bank & Trust Co. v. Department of Revenue*, 242 Ill. App. 3d 716, 611 N.E.2d 32 (1993).

■ In the instant case, the trial court's statements and written order of November 1, 1993, the conduct and arguments of Statewide and P&A on that date, and the complaint and the issues before the court make clear that no issue as to indemnification remained pending. In its November 1, 1993, order and in the hearing on that date, the trial court indicated its intent to dispose of count I of the complaint in its entirety, which in its view solely consisted of a request for a declaration that the policy was in effect at the time of the fire and that Statewide owed a duty to defend P&A in the underlying action under the terms of that policy. As noted, in its written order on that date, the trial court held that the subject Statewide policy was in full force and effect at the time of the fire; that Statewide was required to provide a defense for P&A in the underlying action; and that judgment was entered in favor of defendant Burch as to count I. The order did not purport to reserve any other issues under count I, neither specifying nor alluding to any indemnification issue under that count. Instead, the order recited that "no ruling is made on any other count or cross-claim at this time." Also as noted, in its November 1, 1993, hearing, the trial court explained:

> "The underlying complaint filed by P&A Floor contains two counts. Count one is [*sic*] declaratory judgment against [the defendants]. *** [T]he only issue before me now at this point is count one. The essential question here *** is whether [the] Statewide policy *** was in full force and effect on [the date of the fire]. Defendants argue that it was not, as the above-named policy was cancelled *** for nonpayment of premium.

> * * *

> Statewide lacked authority to cancel the policy and [it] was in full force and effect on [the date of the fire]. *** Thus Statewide *** has had the duty to defend the claims arising out of the fire ***."

When viewed in conjunction with each other, the text of the

November 1 written order and these comments make clear that the trial court considered count I solely as a request for a declaration that the policy was in effect and that Statewide had a duty to defend, and not as a request for a declaration that Statewide had a duty to indemnify P&A in the underlying litigation.

This construction is consistent with the conduct of Statewide and P&A before the trial court at the time of the entry of the November 1, 1993, and January 7, 1994, orders. Notwithstanding the indication from the court's comments that it disposed of count I in its entirety, neither of these parties chose to advise the court or raise before the court the pendency of anything further on that count, and neither party asked for any provision in the order reserving for later disposition any request for indemnification. In point of fact, it was not until $1^1/_2$ years later that the indemnification issue was raised by Statewide for the first time when, in July 1995, it filed its motion requesting a Rule 304(a) finding in the November 1, 1993, order or, in the alternative, a Rule 308(a) certification for immediate interlocutory appeal from that order.

This interpretation, in turn, is consistent with P&A's complaint itself. As noted, in its prayer for relief at paragraphs (A) and (B), P&A sought a declaration that the subject Statewide policy was in full force and effect at the time of the fire and that Statewide had a duty to defend P&A in the underlying action under that policy. The trial court's order of November 1, 1993, purports specifically to grant that relief, insofar as it declared that the Statewide policy "was in full force and effect *** [and that] Statewide *** has the duty to defend the claims made by [the underlying plaintiffs] against P&A *** arising out of the fire." In paragraph (C) of the prayer for relief, P&A requested a declaration that Statewide was required to pay costs and attorney fees in both the underlying action and in this action. In its other paragraphs, that prayer for relief duplicated its requests for costs and attorney fees and for a declaration of Statewide's duty to defend. In repeating its request for defense coverage in paragraph (D), P&A stated that Statewide should be required "to provide legal defense, as well as insurance coverage."

Nowhere in count I did P&A expressly request a declaration that Statewide be required to indemnify it for any liability incurred in the underlying litigation. All that was requested was a declaration that the subject Statewide policy was in full force and effect at the time of the fire and that Statewide had a duty to defend P&A in the underlying litigation. The November 1, 1993, order specifically ruled upon these requests and purported to dispose of count I in its entirety. Despite Statewide's attempt to attribute a request for indemnification

to paragraph (D) of P&A's prayer for relief in count I, when viewed in context, it is clear that the request in paragraph (D) that Statewide be required "to provide *** insurance coverage" is nothing more than a reiteration of the request already made in paragraph (A) for a declaration that the policy was in full force and effect. This interpretation is consistent with the redundancy that pervaded P&A's prayer for relief, which as noted contains duplicative requests for attorney fees and costs and which in particular includes a duplicated request for defense in the underlying action in the same paragraph, (D), which contains the purported request for indemnification. Therefore, viewing as we must the November 1, 1993, order in the context in which it was entered (*Granville Beach Condominium Ass'n*, 227 Ill. App. 3d 715, 592 N.E.2d 160; *American National Bank & Trust Co.*, 171 Ill. App. 3d 680, 525 N.E.2d 915; *Baldi*, 113 Ill. App. 3d 29, 446 N.E.2d 1205), we conclude that there was no request for indemnification in P&A's complaint and that the trial court did not intend to leave any such issue unresolved in its November 1, 1993, order.

■ Statewide contends that because in its oral presentation of the November 1, 1993, order the trial court stated that defendant Burch had neither a duty to defend nor a duty to indemnify, the trial court must have recognized that P&A raised an indemnification issue in its complaint and made no ruling on that issue pending the outcome of the underlying suit. In support, Statewide refers to defendant Burch's trial memorandum wherein Burch sought to defend against any declaration that he had a duty either to defend or indemnify. We disagree.

First, as noted, the written order of November 1, 1993, contains no mention of any duty to indemnify but, with respect to defendant Burch, simply purports to enter judgment in Burch's favor as to count I, without further specificity as to a duty to defend or to indemnify. Secondly, as discussed above, neither the face of P&A's complaint, the conduct of Statewide and P&A, the language of the written order entered by the trial court nor the colloquy of the trial court when viewed in its entirety could support the view that a duty to indemnify was raised by P&A's complaint and left pending. Finally, the oral statements of the trial court on that date are readily explained. Since the duty to defend is broader than the duty to indemnify, where there is no duty to defend under an insurance policy, it necessarily follows that there is no duty to indemnify thereunder as well. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 620 N.E.2d 1073 (1993); *Fruit of the Loom, Inc. v. Travelers Indemnity Co.*, 284 Ill. App. 3d 485, 672 N.E.2d 278 (1996); *West American Insurance Co. v. Vago*, 197 Ill. App. 3d 131, 553 N.E.2d

1181 (1990). Hence, having held that Burch had no duty to defend, the trial court simply stated the inevitable legal consequence of such a holding, precluding any future litigation of that issue as to defendant Burch. Thus, the trial court's oral statements would not denote or imply that the court construed P&A's complaint as having raised an indemnification issue.

The fact that Burch in its trial memorandum characterized the relief sought by P&A as seeking a declaration of a duty to defend and indemnify is of little consequence. It is not Burch's characterization that controls. Rather, it is the complaint that is determinative. Moreover, that characterization was effectively disclaimed by Burch in the responsive brief that it filed in this appeal. Indeed, as pointed out, the fact that the denial of the duty to defend under an insurance policy necessarily compels the conclusion that there is no duty to indemnify may well account for any extended characterization by Burch of the relief actually sought by plaintiff's complaint even though not warranted under its specific allegations.

■ Having concluded that there was no indemnification issue in the pleadings or therefore pending before the trial court, then after the entry of the November 1, 1993, order, only the issues contained in count II of the complaint remained unresolved. Once the trial court disposed of those remaining issues on January 7, 1994, no other issues remained and the November 1 and January 7 orders became final and appealable. Accordingly, Statewide's notice of appeal, filed more than two years after the entry of the trial court's January 7, 1994, order, was not effective to vest this court with jurisdiction over this appeal.

We also note that even if there had been an issue raised in P&A's complaint as to Statewide's duty to indemnify, which in turn had been left unresolved by the November 1, 1993, order, the trial court's January 8, 1996, order nevertheless would have been ineffective to enable Statewide to bring the instant appeal. That order did not purport to affirmatively resolve any supposedly unresolved indemnification issue. Rather, the operational scope of that order was limited to the denial of Statewide's alternative requests for a Rule 304(a) finding or for Rule 308(a) certification. The reference in that order to the orders of November 1, 1993, and January 7, 1994, served merely to provide a reason for the denial of the Rule 304(a) finding and the Rule 308(a) certification. As noted, during her hearing on January 8, 1996, Judge Kinnaird stated that on November 1, 1993, Judge Theis did not view the P&A complaint as containing a request for indemnification:

"Her order is very clear, and I have to say, in the transcript,

itself, she says she is ruling on Count I. She doesn't say there is anything left. She doesn't give any indication there is anything left, neither [*sic*] did any of the Counsel indicate anything about the duty to indemnify. There is nothing there. She gives an order that says judgment is entered for Birch against P&A on Count I of the complaint. *** Anyone reading that order together with her transcript has got to come to the conclusion, as I now have, that that order disposes of Count I. *** There isn't anything that I'm seeing that a 304a or 308 would apply to."

These comments did not purport to have any operational impact with respect to the issues decided in Judge Theis's order of November 1, 1993. They purported simply to analyze that order for the purpose of explaining the basis for the January 8, 1996, denial of Statewide's motion for a Rule 304(a) finding or, in the alternative, for a Rule 308(a) certification. Thus, even if there had been an unresolved indemnification issue, the January 8, 1996, order could not have been construed as having dismissed that issue. Consequently, that issue would still remain pending and would require a Rule 304(a) finding to become appealable. In the absence of such a finding, no appeal could be taken. In that regard, Statewide could not have otherwise taken an appeal from the denial of its requests for Rule 304(a) or Rule 308 certification. As conceded by Statewide at oral argument, an order denying such relief is not independently appealable. See generally *Provident Life & Accident Insurance Co. v. Smith*, 266 Ill. App. 3d 705, 639 N.E.2d 627 (1994) (cannot appeal from trial court's denial of request for Rule 304(a) finding); *Old Kent Bank v. Stoller*, 254 Ill. App. 3d 1085, 627 N.E.2d 265 (1993); *E.M.S. Co. v. Brandt*, 103 Ill. App. 2d 445, 243 N.E.2d 695 (1968). See also *Petruchius v. Don Roth Restaurants, Inc.*, 79 Ill. App. 3d 1071, 398 N.E.2d 1228 (1979) (order denying motion for Rule 308 certification not appealable).

■ Lastly, Statewide belatedly contends, for the first time in its response to the Winicks' motion to dismiss this appeal (filed after Statewide filed its opening brief on appeal), that the November 1, 1993, order of the trial court was void *ab initio* on the grounds that P&A's complaint for declaratory judgment failed to join the underlying tort plaintiffs, who were necessary parties. We first note that contentions raised for the first time after the filing of the appellant's brief need not be addressed on appeal. See 155 Ill. 2d R. 341(e)(7) (points not argued in appellant's opening brief are waived); *In re Marriage of Winton*, 216 Ill. App. 3d 1084, 576 N.E.2d 856 (1991) (failure to satisfy requirements of Rule 341(e)(7) results in waiver of argument on appeal). Furthermore, even if, as Statewide contends, joinder of the underlying plaintiffs was mandatory before the trial court:

"Where the nonjoinder of a necessary party is raised for the first time after judgment is entered, the usually absolute and inflexible joinder rule is relaxed. [Citations.] ***

*** '[W]hen an objection to the nonjoinder of a necessary party is first raised *after* judgment, it will be rejected unless the absent party was deprived of material rights without being heard or the absent party's interests in the litigation are so interconnected with the named parties' interests that the presence of the absent party is absolutely necessary.' (Emphasis in original.)" *Society of Mount Carmel v. National Ben Franklin Insurance Co.*, 268 Ill. App. 3d 655, 663, 643 N.E.2d 1280, 1286 (1994), quoting *State Farm Mutual Automobile Insurance Co. v. Haskins*, 215 Ill. App. 3d 242, 245, 574 N.E.2d 1231, 1234 (1991).

Here, there is no contention by any party, least of all by the underlying plaintiffs, who as noted have intervened in this appeal, that the underlying plaintiffs were deprived of any material rights as a result of P&A's failure to join them in its declaratory judgment action. In point of fact, if anything, the Winicks have benefitted from the trial court's disposition of P&A's complaint, insofar as the court held that the subject policy was in full force and effect at the time of the fire so as to impose a duty on the carrier to defend thereunder.

Finally, and more overridingly, our determination that we lack jurisdiction to hear this appeal due to Statewide's two-year delay in filing its notice of appeal would apply with equal strength to Statewide's necessary party contention as well. This would control even if the necessary party contention were otherwise properly preserved and presented.

For the foregoing reasons, we dismiss this appeal for lack of subject matter jurisdiction.

Appeal dismissed.

COUSINS, P.J., and LEAVITT, J., concur.