THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM H. ODOR, Defendant-Appellant.

Fourth District   No. 4—89—0398

Opinion filed April 24, 1990.

James E. Elmore, of Elmore & Reid, of Springfield, for appellant.

John Turner, State's Attorney, of Lincoln (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On January 24, 1989, the circuit court of Logan County entered judgment on a jury verdict returned finding defendant William H. Odor guilty of the offense of driving while his blood- or breath-alcohol concentration was 0.10 or more. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.) The court subsequently placed him on court supervision for one year and ordered him to pay court costs and perform 250 hours of public service work.

On appeal, defendant makes no contention that the evidence was insufficient to prove his guilt nor does he claim error in any ruling by the trial court. Rather, he argues for the first time on appeal that an officer who stopped and asked him for his driver's license had no reasonable, articulable suspicion of criminal activity prior to stopping his vehicle and asking for his driver's license. Accordingly, defendant maintains we should hold any evidence obtained as a fruit of that stop to be inadmissible and received in violation of his fourth amendment

rights. He asks that we deem the receipt of this evidence to be plain error and reverse. We disagree with defendant's theory and affirm.

At the trial in this cause, the arresting officer testified that, at approximately 2 a.m. on April 29, 1988, he observed a black Lincoln Continental parked in an alley with its parking lights on. He said he saw a person run toward the vehicle and get into its back seat, and the vehicle then proceeded down the alley. The officer indicated the vehicle did not have any license plates, and he did not notice proper registration in the rear window, so he followed and stopped the vehicle. The officer further testified he approached the driver, the defendant, and asked him for his license. The officer said he then asked defendant to exit the vehicle, at which time he, the defendant, stumbled and smelled strongly of alcohol. Because defendant failed several field-sobriety tests, had slurred speech and smelled strongly of alcohol, the officer arrested him and transported him to the police station. Another officer testified the result of the breath-alcohol test taken by defendant was 0.13.

On cross-examination, the arresting officer admitted that, upon exiting the squad car, he noticed the vehicle had a proper certificate concerning registration of the vehicle displayed in its window. That officer also admitted on cross-examination he thus learned the driver of the vehicle was not committing the particular offense for which he was stopped before he, the officer, approached the driver, asked him for his license and, ultimately, arrested him.

■ Defendant cites seminal cases concerning police stops which fall short of arrests. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868; *Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391.) *Prouse* held that law enforcement officers may not randomly stop a vehicle merely to check whether the driver has a proper license or vehicle registration. Defendant also cites cases holding that a mere suspicion or hunch of criminal activity under circumstances such as those here would not justify the officer's request for the defendant's driver's license. *People v. Johnson* (1982), 104 Ill. App. 3d 572, 432 N.E.2d 1232; *People v. Fox* (1981), 97 Ill. App. 3d 58, 421 N.E.2d 1082.

■ The cases cited by defendant are all those where the issue of a violation of fourth amendment rights was raised in the trial court by motions to suppress and preserved for review. The State responds by citing cases such as *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274, and *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 415 N.E.2d 1027, for the general proposition that error in criminal cases

not raised in the trial court and preserved, if necessary, by a post-trial motion, is waived. Not discussed by either side is the case of *People v. Johnson* (1967), 38 Ill. 2d 399, 231 N.E.2d 447. There, the supreme court held that the issue of whether the evidence upon which that defendant's guilt was proved was not waived by failure to raise and preserve the issue in the trial court because of the particular circumstances of that case.

In *Johnson*, the accused had several appointed lawyers during the proceedings. At trial, during cross-examination of one of the arresting officers, defense counsel attempted to inquire as to whether the officer had acted pursuant to a warrant. The prosecutor objected on the basis the issue had already been ruled upon. The court sustained the objection on the basis the defense had already been heard on that issue. Defense counsel, not knowing that no motion to suppress had ever been made, dropped that line of questioning and made no objection to the introduction of heroin seized from the accused by the arresting officer. The supreme court deemed fundamental fairness required the question of suppression of evidence to be considered, but consideration could not be given on the basis of the record before it. The court then remanded the case to the trial court to hold an evidentiary hearing to determine whether the seized heroin should have been suppressed.

We recognize that, from the evidence produced at trial, grounds for suppression of the testimony of all of the evidence used to convict the defendant may well have existed here. However, we do not find *Johnson* to require reversal. We deem the operation of the ruling there should be very narrowly construed and limited to the situation where fraud was perpetrated against the accused by telling the court the question of the propriety of the seizure had been ruled upon when it had not.

■ The issue of when a reviewing court may properly consider the question of whether evidence was improperly seized or was the fruits of an improper seizure when those issues were not raised in the trial court was thoroughly addressed in an opinion written by Justice Seidenfeld in *People v. Speed* (1982), 106 Ill. App. 3d 890, 436 N.E.2d 712. The conclusion given there was that such consideration should only be given under the most extreme circumstances. That opinion pointed out that only when a motion to suppress evidence is made is the State put on notice to justify the procedure used to obtain the evidence. If a reviewing court makes a determination on that question based upon the evidence at trial *absent* such notice to the State, the State may be prejudiced because it could have put on additional evi-

dence justifying the seizure of the evidence but refrained from doing so because it did not consider the evidence necessary. If the State is placed in jeopardy of having the evidence it presented at trial held to be inadmissible on review even though objection to the evidence was not made below, prosecutors will be attempting to put on evidence proving probable cause which is highly prejudicial to defendants. See 4 W. LaFave, Search & Seizure §11.7(d), at 522 (2d ed. 1987).

■■ The arresting officer here may or may not have had grounds to approach the car defendant was driving and demand to see his driver's license after the officer observed that the car did have a certificate in regard to registration. Likely, the case against the defendant could not have been proved without the use of the evidence which was the fruit of the stop. However, no case has been called to our attention where the reviewing court has held that plain error arose merely because the admission of improperly received evidence was essential to the proof of guilt. Unlike in *Johnson,* no fraud or deception was practiced against the defendant or his counsel. No plain error occurred. Accordingly, we affirm.

Affirmed.

KNECHT, P.J., and SPITZ, J., concur.