Robert J. KNAPP, Plaintiff,

v.

**COMMONWEALTH LAND TITLE IN-SURANCE COMPANY, INC., Defendant and Third–Party Plaintiff,**

v.

**NATIONAL TITLE RESOURCES CORP., Third Party Defendant.**

No. CV 3–94–373.

United States District Court,
D. Minnesota,
Third Division.

July 8, 1996.

Alan T. Tschida, Tschida Law Office, St. Paul, MN, for Plaintiff.

Timothy J. Grande, Denis E. Grande, Mackall, Crounse & Moore, Minneapolis, MN, for defendant.

Frederic W. Knaak, James K. Kohl, Rauenhorst & Carlson, St. Paul, MN; Larry S. Mountain, Holstad & Larson, St. Paul, MN, for Third Party Defendant.

## MEMORANDUM AND ORDER

DAVIS, District Judge.

This matter is before the Court on a motion for summary judgment in which defendant Commonwealth Land Title Insurance Company ("Commonwealth") seeks the reimbursement of attorney's fees and costs that it incurred in defending plaintiff Robert J. Knapp ("Knapp"). Defendant also seeks the determination of the Court that the amount sought, $28,681.77, is reasonable. For the reasons set forth below, Commonwealth's motion for summary judgment is granted and attorney's fees and costs requested in the amount of $28,681.77 are reasonable.

### Factual Summary

In 1988, Knapp applied for, and was granted, title insurance ("Title Policy") from Commonwealth for land that he had purchased from a bankruptcy estate. Knapp's title to this land was subsequently contested. Commonwealth agreed to defend Knapp against the claims, prefacing this undertaking with a "reservation of rights" letter. That letter, dated August 9, 1990, specifically accepted the tender of defense of the claim against the insured property, but also specifically reserved Commonwealth's right to later seek attorneys' fees and costs if coverage was later denied. In that letter, Commonwealth stated:

> [T]his claim will be subject to a reservation of rights in favor of Commonwealth Land Title Insurance Company ... [I]t should be distinctly understood that no action by Commonwealth heretofore or hereinafter taken in this matter is to be constructed in any way as a waiver of our right to later disclaim liability in the event it comes to light that Commonwealth has provided a defense for matters excluded from Policy coverage ... Commonwealth reserves the right to deny the claim, discontinue payment of outside counsel and seek reimbursement from you for counsel fees and costs incurred by the Company by reason of the claim subsequently found not to be within Policy coverage.

Commonwealth proceeded to defend Knapp against the title dispute to land which Knapp claimed was within the scope of the Title Policy. Knapp lost in his defense to the claims against the property and consequently lost some of the land. Knapp then moved for summary judgment against Commonwealth for these losses, claiming said losses were covered by the Title Policy. On March 30, 1995, this Court granted Commonwealth's motion for summary judgment and held that no coverage existed for the claim.

Commonwealth, pursuant to its earlier "reservation of rights letter" of August 9, 1990, having successfully challenged the Knapp's claim for policy coverage, now seeks to be reimbursed for all attorneys fees and costs it incurred on behalf of Knapp.

### Standard for Summary Judgment

Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of establishing the non-existence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552–53; *City of Mt. Pleasant, Iowa v. Assoc., Elec. Co-op.,* 838 F.2d 268, 273 (8th Cir.1988). Once it meets that burden, the non-moving party may not then "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, (1986). If, based upon the evidence, a reasonable jury could not return a verdict for the non-moving party, summary judgment is appropriate. *Id.,* at 248, 106 S.Ct. at 2510.

### Analysis

There are three issues in this case: 1) whether an insurer can recover expenses incurred defending insured pursuant to a "reservation of rights" letter; 2) if a right to reimbursement exists, whether Commonwealth is entitled to such reimbursement based upon the facts herein; and 3) whether the amount of attorney's fees and costs incurred in defense of the insured is reasonable.

## Does an insurer have a right to recover defense costs?

 It is established law in Minnesota that an insurer has a duty to defend where only part of a claim is arguably within the scope of a policy's coverage. *United States Liability Insurance Company v. Johnson & Lindberg, P.A.,* 617 F.Supp. 968, 972 (Minn. 1985), (*citing, Prahm v. Rupp Construction Co.,* 277 N.W.2d 389, 390 (Minn.1982)). Minnesota courts have further established that the duty to defend is broader than the duty to indemnify and that "[i]f any part of the claim is arguably within the scope of coverage afforded by the policy, the insurer should defend and reserve its rights to contest coverage based on facts developed at trial." *Brown v. State Automobile & Casualty Underwriters,* 293 N.W.2d 822, 825–26 (Minn.1980), citation omitted. When facts extrinsic to the complaint establish that the policy does not provide coverage, however, the insurer will not be required to defend the action. *Lanoue v. Fireman's Fund American Insurance Companies,* 278 N.W.2d 49, 52 (Minn.1979).

 Commonwealth argues that even though it considered the claims outside the scope of the policy coverage, it met its duty to defend and clearly indicated to Knapp in its reservation of rights letter that it would seek reimbursement for fees and costs incurred by it in defense of the claims.

Knapp argues that parts of his claims arguably fell within the scope of coverage under the Title Policy, therefore Commonwealth had a duty to defend and is not entitled to reimbursement. Knapp further argues that Commonwealth is misreading this Court's previous Order granting summary judgment to Commonwealth for that Order did not specifically find no duty to defend. The Court's Order granting Commonwealth summary judgment is clear, there was no basis for coverage. Knapp did not put forth any facts which would arguably establish coverage. Therefore, Commonwealth did not have a duty to defend. *See, Lanoue,* 278 N.W.2d at 52.

 A determination of no duty to defend does not necessarily entitle Commonwealth to reimbursement of its attorney's fees and costs expended defending the claims on behalf of Knapp. Minnesota has not before determined whether or not an insurer may be reimbursed for attorney's fees and costs, when it has been determined that no coverage exists and the insurer undertook the defense under a reservation of rights letter.

In support of its claim for reimbursement, Commonwealth cites to established law in California that supports the right of the insurer to reimbursement of its attorneys fees and costs if the insurer has either secured a nonwaiver agreement from the insured or made an adequate reservation of rights. *Gossard v. Ohio Casualty Group of Insurance Companies,* 39 Cal.App.4th 450, 35 Cal. Rptr.2d 190 (6th Dist.1994) (*citing Val's Painting & Drywall, Inc. v. Allstate Ins. Co.,* 53 Cal.App.3d 576, 585, 126 Cal.Rptr. 267 (1975); *Richardson v. State Farm Fire and Casualty Company,* 32 Cal.App.4th 1, 37 Cal. Rptr.2d 824 (1995).

In *Walbrook Insurance Co. Ltd. v. Goshgarian & Goshgarian,* 726 F.Supp. 777 (C.D.Cal.1989) an insured tendered a claim to its insurer. The insurer claimed no coverage existed under the policy, but nonetheless agreed to defend the insured recognizing that the "duty to defend" is greater than the "duty to insure." In agreeing to defend, however, the insurer, by letter, reserved its rights to seek attorney's fees and costs if coverage was later denied. *Walbrook,* 726 F.Supp. at 782. The insured argued that they objected by letter to the reservation of rights, therefore there was no agreement or understanding sufficient to allow such recovery. *Id.* Although there was no California case on point on such facts, the *Walbrook* court determined that because the insurer specifically informed the insured that it would seek such reimbursement and because the insured accepted the defense paid by the insurer, an implied agreement to the right to reimbursement was established. *Id.* at 784.

> [T]here can be no doubt that [the insured] knew that [the insurer] intended to seek reimbursement if it was found that there was no duty to defend ... [T]his awareness can be shown from the fact of the explicit reservation letters sent to [the in-

sured] explaining the reservation prior to the payment of defense costs ... While [the insured] did specifically object to this reservation, they also accepted $500,000 in defense costs from [the insurer] ... [T]his court holds that acceptance of the monies constitutes an implied agreement to the reservation.

*Id.* at 784. *See also, First Federal Savings and Loan v. Transamerica Title,* 793 F.Supp. 265 (D.Colo.1992), *aff'd* 19 F.3d 528 (10th Cir.1994).

Knapp offers little to dissuade this Court from following those courts that have recognized the rights of insurers to seek reimbursement for its attorney's fees and costs under certain circumstances. California law is persuasive and consistent with earlier Minnesota cases addressing the responsibility of an insurer to meet its duty to defend first and challenge policy coverage questions later. *See e.g., Brown, supra.* The courts should be consistent in encouraging insurance companies to properly meet their duty to defend its insured against third party claims and minimize unnecessary claims to enforce policy coverage. However, where an insurer has properly met its duty and subsequently successfully challenges policy coverage, it should be entitled to the full benefit of such a challenge and be reimbursed for the benefits it bestowed, in good faith, to its insured.

### Did Commonwealth adequately reserve its right to reimbursement?

■ The remaining question is whether the "reservation of rights" letter sent by Commonwealth served to put Knapp on notice as to his possible liability for reimbursing the insurance company for the litigation costs, and thus properly reserve Commonwealth's right to seek reimbursement.

The law in California currently provides:
Reimbursement is available to an insurer if it has either secured a nonwaiver agreement from the insured [footnote omitted] or made an adequate reservation of rights ... When an insurer chooses to defend a lawsuit under reservation of rights, it typically sends a letter to the insured stating its intention to assert noncoverage and seek reimbursement if it later shows it had no duty to defend the action. In such

cases, "[t]he insurer need only notify, or attempt to notify, the assured [sic] that is conducting the investigation and defense ... under a reservation of the right to assert policy defenses at a later time, and the assured's [sic] silence will usually be deemed acquiescence.

*Gossard, supra,* at 191, (*citing, Val's Painting and Drywall, Inc. v. Allstate Ins. Co.,* 53 Cal.App.3d 576, 586, 126 Cal.Rptr. 267 (1975). The *Gossard* court held that where the insurer had no duty to defend the third party action against the insured, and insurer adequately reserved its right of reimbursement, said insurer was entitled to recoup the amount of litigation costs paid for the insured's defense. *Id.*

Knapp argues that insurance companies are not allowed to require their insured to pay defense costs by unilaterally sending reservation of rights letters unless there is an agreement or understanding with the insured, citing *State Farm Fire & Cas. Co. v. Thomas,* 756 F.Supp. 440 (N.D.Cal.1991). However, in *State Farm,* the court found that the reservation of rights letter did not specifically reserve the right to seek reimbursement of litigation expenses. Thus, the court held that the language was insufficient to constitute a reservation of the right to seek reimbursement of litigation costs.

In the case at bar, no such insufficiency exists. Commonwealth clearly indicated its desire to reserve its right to later seek reimbursement for attorney's fees and costs. Under these circumstances, the Court finds it appropriate to determine that Knapp's silence in response to Commonwealth's reservations of rights letter, and subsequent acceptance of the defense provided by Commonwealth, constitutes an implied agreement to the reservation of rights. *Gossard, supra,* at 200.

### Is the amount of Attorney's fees and costs reasonable?

■ Where a contract authorized an award of attorney fees, courts will enforce such a provision as long as fees are reasonable. *State Bank of Cokato v. Ziehwein,* 510 N.W.2d 268, 270 (Minn.Ct.App.1994). In deciding whether claimed attorney fees are reasonable, the award of attorney's fees and costs rests within the discretion of the trial

court. *Case v. Case*, 516 N.W.2d 570, 573 (Minn.Ct.App.1994); *Reichert v. Union Fidelity Life Ins. Co.*, 360 N.W.2d 664 (Minn. Ct.App.1985).

Commonwealth has submitted invoices for all fees and expenses paid on behalf of Knapp with regard to the Gurtek parcel.[1] Knapp argues that the expenses submitted are not reasonable and questions the payment for services rendered by Scholle and Beisel as the billings are without detail.

The Court has reviewed the invoices presented by Commonwealth and finds some of the invoices do not provide the Court sufficient information to determine their reasonableness. The Court agrees with the position of Knapp that the invoices from the Law Offices of Scholle and Beisel, Ltd. do not provide sufficient information to determine their reasonableness. Accordingly, the Court will reserve judgment as to the fees of Scholle and Beisel until such time as Commonwealth can provide the Court detailed information as to the fees incurred by Scholle and Beisel. The Court has reviewed the invoices submitted by Lommen, Nelson, Cole & Stageberg, P.A., and finds such fees and costs reasonable.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Commonwealth Land Title's Summary Judgment Motion is GRANTED to the extent that Commonwealth Land Title is entitled to an award, but RESERVED as to a portion of the amount of attorney's fees and costs requested.

2. Defendant Commonwealth Land Title shall submit further documentation to support the reasonableness of the attorney's fees and costs generated by Scholle and Beisel, Ltd.

3. Judgment shall be entered in favor of Commonwealth Land Title in the amount of $14,298.14 for attorney's fees and costs.

---

1. In its moving papers, Commonwealth requests attorney's fees and disbursements in the total amount of $28,681.77. In reviewing the invoices supporting this request, the Court notes that the total fees and disbursements generated by Lommen Nelson equals $14,298.14 and the total fees and disbursements generated by Scholle and Beisel is $13,874.13 for a total of $28,172.27.