**GRINNELL MUTUAL REINSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Philip SHIERK and Stephanie M. Lord, Defendants–Appellees.**

No. 97–1362.

United States Court of Appeals, Seventh Circuit.

Argued July 8, 1997.

Decided Aug. 6, 1997.

Richard E. Boyle (argued), Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, IL, for Plaintiff–Appellant.

Philip Shierk, Kenosha, WI, Pro se.

James K. Donovan (argued), Cueto & Cueto, Belleville, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and CUDAHY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Grinnell Mutual Reinsurance Company filed this declaratory judgment action against Philip Shierk and Stephanie Lord. See 28 U.S.C. § 2201. Grinnell, which insured Mr. Shierk, sought a declaratory judgment that it had no duty to defend Mr. Shierk in a lawsuit brought by Ms. Lord, nor to indemnify Mr. Shierk for any judgment rendered against him in that suit. Jurisdiction was based on diversity of citizenship. See 28 U.S.C. § 1332. The district court dismissed this suit on the ground that the amount in controversy did not satisfy the jurisdictional amount. Because the amount in controversy did exceed the jurisdictional amount when Grinnell filed this suit, we reverse the judgment of the district court and remand this case for further proceedings.

## I

## BACKGROUND

On January 9, 1994, Mr. Shierk shot Ms. Lord in the face, apparently by accident. On December 5, 1994, Mr. Shierk—who was in the Air Force at the time—was court-martialed for shooting Ms. Lord and was convicted of assault by a means likely to produce grievous bodily harm. See 10 U.S.C. § 928.

On February 28, 1995, Ms. Lord sued Mr. Shierk for negligence in the Circuit Court, St. Clair County, Illinois; she sought damages "in excess of $15,000.00, plus [the] costs of [her] lawsuit." Mr. Shierk tendered his defense to Grinnell, which had issued him a homeowner's insurance policy. Grinnell agreed to defend Mr. Shierk, but it expressly reserved its right to later deny coverage. On October 29, 1995, the Illinois court entered summary judgment against Mr. Shierk on the issue of liability; the issue of damages was left to be determined later by a jury.

On December 18, 1995, Grinnell filed this declaratory judgment action in federal court. See 28 U.S.C. § 2201. Grinnell asserted that the court had diversity jurisdiction. See 28 U.S.C. § 1332. Grinnell is an Iowa corporation with its principal place of business in Iowa; both Mr. Shierk and Ms. Lord are residents of Illinois. Grinnell further asserted that its total liability exposure for Ms. Lord's suit against Mr. Shierk, plus the costs of defending the suit, exceeded $50,000—the jurisdictional amount at the time. Grinnell sought a declaratory judgment that Mr. Shierk injured Ms. Lord in the course of a crime of violence and that his actions were therefore outside the scope of his policy coverage.

Ms. Lord then filed a motion in the district court, requesting that the court decline to exercise jurisdiction over Grinnell's claim. Ms. Lord contended that, once she obtained a judgment against Mr. Shierk, she would have to file a garnishment proceeding against Mr. Shierk's insurance policy in state court and that such a proceeding would encompass the same issues of coverage that Grinnell sought to adjudicate in federal court. The district court denied Ms. Lord's motion. In its view, the possibility that Ms. Lord might file a parallel action in state court was too remote to warrant declining jurisdiction.

On June 24, 1996, the issue of damages in Ms. Lord's negligence suit against Mr. Shierk was tried to a jury in the Illinois court. Ms. Lord's attorney requested over $100,000 in damages. The jury awarded only $14,045.05. On July 31, the Illinois court allowed Ms. Lord to file a postverdict motion to amend her complaint, specifically demanding damages of less than $50,000. The court then entered judgment on the jury's verdict, plus $262.50 in costs, for a total award of $14,307.55.

On August 5, 1996, Ms. Lord commenced a garnishment proceeding against Grinnell in the St. Clair County Court. She simulta-

neously renewed her motion in federal court requesting that the court decline jurisdiction due to the pendency of the parallel state action. Grinnell responded by filing a motion for summary judgment and a motion to enjoin the state court garnishment action. The district court denied Grinnell's motion for an injunction, took the motion for summary judgment under advisement, and requested that the parties address whether Ms. Lord's judgment against Mr. Shierk for less than $50,000 deprived the court of diversity jurisdiction. The district court did not address Ms. Lord's renewed motion to decline jurisdiction due to the pending state garnishment action. Following briefing, the district court concluded that it lacked subject matter jurisdiction over Grinnell's suit. The district court therefore dismissed the case, and this appeal followed.[1]

## II

### DISCUSSION

 It is well established that the requirements for diversity jurisdiction must be satisfied only at the time a suit is filed. See *Rosado v. Wyman*, 397 U.S. 397, 405 n. 6, 90 S.Ct. 1207, 1214 n. 6, 25 L.Ed.2d 442 (1970); *FDIC v. W.R. Grace & Co.*, 877 F.2d 614, 617 (7th Cir.1989), cert. denied, 494 U.S. 1056, 110 S.Ct. 1524, 108 L.Ed.2d 764 (1990). More particularly, if the amount in controversy exceeds the jurisdictional amount when a suit is filed in federal court, the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit [for diversity jurisdiction] do not oust jurisdiction."); *Pratt*

*Cent. Park Ltd. Partnership v. Dames & Moore, Inc.*, 60 F.3d 350, 351 (7th Cir.1995).

 In this case, there is no question that, at the time Grinnell filed its declaratory judgment action, the amount in controversy exceeded $50,000. Grinnell was potentially liable under Mr. Shierk's insurance policy for damages of up to $100,000, and indeed, six months after Grinnell filed this suit, Ms. Lord argued to the jury in the St. Clair County Court that damages of $100,000 would be an appropriate award. Thus, it cannot be said that, when Grinnell filed this suit, it appeared to a legal certainty that the suit was for less than the jurisdictional amount. Accordingly, Grinnell's claim satisfied the jurisdictional amount requirement for diversity jurisdiction. See *Schlessinger v. Salimes*, 100 F.3d 519, 521 (7th Cir.1996), cert. denied, —— U.S. ——, 117 S.Ct. 2481, 138 L.Ed.2d 990 (1997).

Nonetheless, the district court ruled that events occurring after Grinnell filed suit—namely, Ms. Lord's damages award of less than $50,000—deprived the court of jurisdiction.[2] The court based its ruling on a single phrase from *Caterpillar Inc. v. Lewis*, —— U.S. ——, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In Caterpillar, the Court held that, even if a district court improperly failed to remand a diversity case to state court due to a lack of complete diversity among the parties at the time of removal, so long as complete diversity existed at the time the district court entered judgment (i.e., the nondiverse parties had been dismissed from the case), considerations of finality and economy warranted against vacating the judgment after a trial on the merits. *Id.* at ——, 117 S.Ct. at 476. The Court explained its decision in terms of the overall statutory scheme for removal and remand. The Court wrote: "Despite a federal trial court's threshold denial of a motion to remand, if, at the end of

---

1. Mr. Shierk has not filed an appearance or brief in this court. Accordingly, this appeal proceeded to oral argument with only Grinnell and Ms. Lord. See Cir. R. 31(d).

2. The district court appears not to have considered the possibility that the total costs of indemnifying and defending Mr. Shierk might nonetheless exceed $50,000. See *Motorists Mut. Ins. Co.*

*v. Simpson*, 404 F.2d 511, 515 (7th Cir.1968) (where declaratory judgment action challenges an insurer's duty to indemnify and defend the insured, the costs of defending the insured should be taken into consideration when determining whether the amount in controversy satisfies the jurisdictional amount), cert. denied, 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1969).

the day and case, a jurisdictional defect remains uncured, the judgment must be vacated." *Id.* at ——, 117 S.Ct. at 477 (emphasis in original) (citing Fed.R.Civ.P. 12(h)(3)). The Court then explained that, because there was no jurisdictional defect in the case at bar when the district court entered judgment, there was no need to vacate that judgment. *Id.*

The district court in this case seized upon the phrase "if, at the end of the day and case, a jurisdictional defect remains uncured, the judgment must be vacated." It concluded that there was a jurisdictional "defect"—an amount in controversy of less than $50,000—that would remain uncured at "the end of the day and case"—whenever it entered judgment. Accordingly, the district court dismissed this case for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(h)(3).

■ The district court's conclusion assumes that Caterpillar overruled St. Paul Mercury. The district court interpreted Caterpillar to hold that the requirements of diversity jurisdiction must remain satisfied throughout the entire course of the litigation. But it is inconceivable that the Supreme Court intended implicitly to overrule a so long-established and central principle of diversity jurisdiction without a single citation or any discussion whatsoever. Rather, Caterpillar is compatible with the long-standing principle of St. Paul Mercury: A defect in diversity jurisdiction exists, if at all, only when a case is filed in federal court or removed to federal court from state court. If a jurisdictional defect in existence when a suit is filed remains uncured, then any judgment in the case must be vacated and the case must be dismissed. But events occurring subsequent to the filing or removal of a case—whether one party changes its residence, thereby destroying complete diversity, or the amount in controversy drops below the jurisdictional amount-are not "defects" in the court's jurisdiction; these subsequent events do not affect a federal court's diversity jurisdiction at all. Because the amount in controversy in this case exceeded the jurisdictional amount when Grinnell filed suit, the fact that the amount in controversy subsequently fell below that amount was not a jurisdictional

defect. Accordingly, the district court improperly dismissed this case for lack of subject matter jurisdiction.

■ Alternatively, Ms. Lord invites us to stay Grinnell's proceedings in federal court pending the resolution of her state court garnishment proceeding. Ms. Lord cites *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), for the proposition that the district court could have stayed or dismissed Grinnell's declaratory judgment action because of her (later filed) garnishment action. Wilton provides no support for Ms. Lord, however. Although Wilton held that a district court possesses the discretion to stay or dismiss a declaratory judgment action when the same parties are litigating the same issues in state court, *id.* at 287–88 & n. 2, 115 S.Ct. at 2143 & n. 2, that case specifically held that the discretion to stay or dismiss declaratory judgment actions is vested in the district court, to be reviewed by an appellate court only for an abuse of discretion. *Id.* at 288–90, 115 S.Ct. at 2143–44.

In this case, Ms. Lord filed a motion in the district court requesting that the court decline jurisdiction over Grinnell's declaratory judgment action pursuant to *Wilton*. The court denied that motion. After Ms. Lord filed her state court garnishment action, she renewed her motion. The district court dismissed the case for lack of subject matter jurisdiction without ever ruling on Ms. Lord's renewed motion. In light of the Supreme Court's holding that the discretion to stay or dismiss a declaratory judgment action rests in the first instance with the district court, we believe it would be improper for this court to affirm the dismissal on that ground when the district court has not ruled on Ms. Lord's renewed motion in the first place. See *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 837 (7th Cir.1996) (per curiam) ("District courts are better suited to make the particular factual findings necessary to determine the propriety of a declaratory judgment action, and because of this they have specifically been vested with the discretion to make such judgments.") (citing *Wilton*); *GNB Battery Technologies, Inc. v.*

*Gould, Inc.*, 65 F.3d 615, 621 (7th Cir.1995).[3] Moreover, Grinnell contends that the pending state court garnishment action will not resolve all the issues it seeks to litigate in federal court-namely, whether Grinnell may recover the costs of defending Mr. Shierk. Whether Grinnell can fairly and fully adjudicate its claims in state court—and if not, whether it is better to stay the federal proceeding until after the state garnishment action concludes—are unresolved questions best left to the district court for resolution.

### Conclusion

Accordingly, we reverse the district court's judgment and remand this case for further proceedings consistent with this opinion. REVERSED and REMANDED

---

**3.** We do not believe that *Sta–Rite Indus. v. Allstate Ins. Co.*, 96 F.3d 281 (7th Cir.1996), mandates a different result. In *Sta–Rite*, the district court dismissed a declaratory judgment action—whose jurisdiction was based on diversity—for failure to join an indispensable party. On appeal, it became apparent that there was not complete diversity among the parties. Accordingly, this court upheld the dismissal. *Id.* at 286–87. We noted in addition that the district court could have stayed the federal suit under *Wilton. Id.* at 287. *Sta–Rite* did not, however, presume to allow the appellate court to intrude upon the district court's discretion to decide whether to stay a declaratory judgment action. Nothing in *Sta–Rite* created an independent right of the appellate court to stay a declaratory judgment action due to the pendency of a parallel state proceeding.