**GRINNELL MUTUAL REINSURANCE COMPANY, Plaintiff,**

v.

**Philip SHIERK and Stephanie M. Lord, Defendants.**

No. 95–CV–935–WDS.

United States District Court, S.D. Illinois.

Jan. 9, 1998.

Richard E. Boyle, Gundlach, Lee, et al., Belleville, IL, for Grinnell Mut. Reinsurance Co.

Philip Shierk, Kenosha, WI, pro se.

James K. Donovan, Cueto, Cueto, et al, Belleville, IL, for Stephanie M. Lord.

## MEMORANDUM & ORDER

STIEHL, District Judge.

Before the Court is plaintiff's motion for summary judgment.

## BACKGROUND [1]

On January 9, 1994, defendant Philip Shierk discharged a firearm in the direction of his wife, defendant Stephanie M. Lord, while the two were at Shierk's residence. The bullet struck Lord in her face, breaking her jaw, and bruising and cutting her face. Shierk claimed that the shooting was an accident. Nevertheless, Shierk, who was in the Air Force at the time, was court-martialed for shooting Lord, and was convicted of aggravated assault with a dangerous weapon.

On February 28, 1995, Lord sued Shierk for negligence in the Circuit Court for the Twentieth Judicial Circuit. St. Clair County, Illinois. In her complaint, Lord sought damages in excess of $15,000 plus the costs of her lawsuit. Shierk tendered his defense to Grinnell, which had issued him a homeowner's insurance policy. Grinnell agreed to defend Shierk, but it expressly reserved the right to later deny coverage. On October 29, 1995, the Illinois state court entered summary judgment against Shierk on the issue of liability; the issue of damages was left to be determined later by a jury.

---

1. Much of the Court's background section has been adapted from the Seventh Circuit's opinion in *Grinnell Mutual Reinsurance Co. v. Shierk,* 121 F.3d 1114 (7th Cir.1997).

Shortly thereafter, on December 18, 1995, Grinnell filed this declaratory judgment action. In its complaint, Grinnell seeks, among other things, to have this Court declare that it has no duty to defend or indemnify Shierk because his conduct, which formed the basis for the underlying state court lawsuit, is excluded from coverage under the insurance policy. Specifically, Section II.E.6 of the policy provides: "Under Any of the Coverages ... **We** do not cover **bodily injury** or **property damage** which results from an act committed by any **insured person** in the course of or in the furtherance of any crime or offense of a violent nature." Grinnell contends that Shierk's conviction by the military court on the criminal charge of aggravated assault triggers the Section II.E.6 exclusion. Grinnell also asserts that it is not required to defend or indemnify Shierk under Section II.E.8 of the policy, which excludes coverage for **"Bodily injury** or **property damage** resulting from the act of any **insured person** if a reasonable person would expect or intend **bodily injury** or **property damage** to result from the act."

Accordingly, on August 22, 1996, Grinnell filed a motion for summary judgment. In response to Grinnell's motion, Lord objects to the Court considering the court-martial because, according to her, the proceeding did not comply with the requirements of Fed. R.Evid. 803(22). Although she cites no authority for her proposition, Lord further argues that, because Shierk was found guilty of a non-intent crime, the Court should decline to find that Grinnell had no duty to defend Shierk.

### ANALYSIS

#### I. SUMMARY JUDGMENT

Fed.R.Civ.P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In determining whether a district court properly granted summary judgment, "[a]ll factual inferences are to be taken against the moving party and in favor

of the opposing party." *International Adm'rs, Inc. v. Life Ins. Co. of N. Am.,* 753 F.2d 1373, 1378 (7th Cir.1985). In instances in which "inferences contrary to those drawn by the trial court might be permissible," a district court's grant of summary judgment must be reversed. *Munson v. Friske,* 754 F.2d 683, 690 (7th Cir.1985). Once a motion for summary judgment has been made and properly supported, however, the nonmovant does have the burden of setting forth specific facts showing the existence of a genuine issue of a material fact for trial. *See* Rule 56(e); *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983), (noting that "a bare contention that an issue of fact exists is insufficient to raise a factual issue"). Although a requisite, the existence of a factual dispute is not, standing alone, sufficient to bar summary judgment. It is well settled that a "factual dispute does not preclude summary judgment unless ... the disputed fact is outcome determinative under the governing law." *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983), *cited in Shlay v. Montgomery,* 802 F.2d 918, 920 (7th Cir.1986).

#### II. DUTY TO DEFEND OR INDEMNIFY

In declaratory judgment actions where the Court is sitting in diversity, the Court is obligated to apply the law of the forum state. *Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc.,* 125 F.3d 468 (7th Cir.1997), *citing Heller Int'l Corp. v. Sharp,* 974 F.2d 850, 856 (7th Cir.1992). Thus, Illinois law governs this controversy.

The Illinois Supreme Court in *Crum & Forster Managers Corp. v. Resolution Trust Corp.,* 156 Ill.2d 384, 189 Ill.Dec. 756, 620 N.E.2d 1073 (1993), discussed the standard courts are to apply in duty to defend and indemnity cases. Specifically, the Illinois Supreme Court, relying on many of its prior rulings, stated:

The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judg-

ment. In construing an insurance policy, the primary function of the court is to ascertain and enforce the intentions of the parties as expressed in the agreement. To ascertain the intent of the parties and the meaning of the words used in the insurance policy, the court must construe the policy as a whole, taking into account the type of insurance of which the parties have contracted, the risks undertaken and purchased, the subject matter that is insured and the purposes of the entire contract. If the words in the policy are plain and unambiguous, the court will afford them their plan, ordinary meaning and will apply them as written. The court will not search for ambiguity where there is none.

*Id.* 189 Ill.Dec. at 760–61, 620 N.E.2d at 1077–78 (citations omitted).

■ The application of *Crum* to this case requires the Court to focus on the plain language of the insurance policy. The basic policy issued by plaintiff contains a provision that, as previously discussed, excludes coverage for bodily injury which results from an act committed by an insured in the course of any crime or offense of a violent nature. The parties have not cited, and the Court's research has not revealed any Illinois cases interpreting the exact exclusion at issue in this case. Thus, the Court will look to Illinois cases in which courts have interpreted similar provisions, as well as cases from other jurisdictions.

The Seventh Circuit had occasion to interpret a similar exclusion under Indiana law in *Allstate Ins. Co. v. Brown,* 16 F.3d 222 (7th Cir.1994). The Seventh Circuit noted that "[m]any other jurisdictions have addressed the meaning of the intentional or criminal acts exclusion and have found it unambiguous and providing an objective standard." *Id.* at 226 (citations omitted). Further, under *Allstate,* this Court is to objectively look at the predicate acts of Shierk and the resulting injuries to Lord. *Id.* The Court must then determine whether those injuries were the probable, direct, and foreseeable consequence of Shierk's predicate acts. *Id.*

First, the Court notes that the policy exclusion at issue in this case is similar to the exclusion in *Allstate,* 16 F.3d 222, and many of the cases cited therein. Just as in those cases, the Court finds the policy exclusion to be clear and unambiguous. Second, Shierk's predicate act consisted of discharging a firearm in the direction of Lord. When the bullet struck Lord she was severely injured. On December 5, 1994, Shierk was found guilty of aggravated assault with a dangerous weapon as described in Article 128 of the Uniform Code of Military Justice. *See* 10 U.S.C. § 928. As part of his original conviction before the military court, Shierk also received a bad conduct discharge and confinement for six months. Third, the Court finds that the injuries were the probable, direct, and foreseeable consequence of the predicate acts. In other words, Lord's gunshot wound was a direct and foreseeable Shierk in furtherance of a crime.

Based upon Shierk's criminal conviction and the Court's finding that the policy exclusion is not ambiguous, the Court further finds that Shierk's conduct is excluded from coverage under the insurance policy. As a result, the Court finds that Grinnell had no duty to defend Shierk. Of course, "[s]ince the duty to defend is broader than the duty to indemnify, where there is no duty to defend under an insurance policy, it necessarily follows that there is no duty to indemnify thereunder as well." *P & A Floor Co. v. James Burch,* 289 Ill.App.3d 81, 224 Ill.Dec. 546, 682 N.E.2d 107, 113 (1997), *citing Crum,* 189 Ill.Dec. 756, 620 N.E.2d at 1081; *Fruit of the Loom, Inc. v. Travelers Indem. Co.,* 284 Ill.App.3d 485, 219 Ill.Dec. 770, 672 N.E.2d 278 (1996); *People v. Odor,* 197 Ill.App.3d 328, 143 Ill.Dec. 135, 553 N.E.2d 1121 (1990).

As previously discussed, Lord asserts that the court-martial proceeding did not comply with Fed.R.Evid. 803(22), however, is an exception to the hearsay doctrine and, at best, is irrelevant to this case and, at worst, operates against Lord. As a result, any further discussion on this issue by the Court is not warranted.

### III. REIMBURSEMENT

■ In its complaint and motion for summary judgment, Grinnell also seeks a declaration from this Court that it is entitled to

reimbursement of funds from Shierk that it has already expended in defending him in the state court action. Although Grinnell has failed to cite any authority for this proposition and the Court's research has not revealed any Illinois case law specifically addressing the issue, the request for relief does appear to be available as discussed in the case law in several other jurisdictions. *See e.g., Buss v. Superior Court,* 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766 (1997) (holding that California law requires an insurer to expressly reserve its right to reimbursement either by an agreement with the insured or by a clear reservation of its right to later sue for reimbursement); *Val's Painting & Drywall, Inc. v. Allstate Ins. Co.,* 53 Cal.App.3d 576, 586, 126 Cal.Rptr. 267 (1975); *Gotham Ins. Co. v. GLNX, Inc.,* 1993 WL 312243 (S.D.N.Y.1993). Further, in *Knapp v. Commonwealth Land Title Ins. Co., Inc.,* 932 F.Supp. 1169, 1171–72 (D.Minn.1996), the District Court in Minnesota held that

[a] determination of no duty to defend does not necessarily entitle Commonwealth to reimbursement of its attorney's fees and costs expended defending the claims on behalf of Knapp. Minnesota has not before determined whether or not an insurer may be reimbursed for attorney's fees and costs, when it has been determined that no coverage exists and the insurer undertook the defense under a reservation of rights letter. In support of its claim for reimbursement, Commonwealth cites to established law in California that supports the right of the insurer to reimbursement of its attorney [sic] fees and costs if the insurer has either secured a nonwaiver agreement from the insured or made an adequate reservation of rights. *Gossard v. Ohio Casualty Group of Insurance Companies,* 29 Cal.App.4th 1660, 34 Cal. App.4th 968, 35 Cal.Rptr.2d 190, 39 Cal. App.4th 450, 35 Cal.Rptr.2d 190 (6th Dist. 1994) (*citing Val's Painting & Drywall, Inc. v. Allstate Ins. Co.,* 53 Cal.App.3d 576, 585, 126 Cal.Rptr. 267 (1975); *Richardson v. State Farm Fire and Casualty Company,* 32 Cal.App.4th 1, 37 Cal.Rptr.2d 824 (1995)).

In this case, as in the cases from other jurisdictions cited above, Grinnell, in its res-

ervation of rights letter sent to Shierk, specifically reserved its right to seek reimbursement from Shierk in the event that it was later determined in a declaratory judgment action that it had no duty to defend Shierk.

Following this line of authority, the next step is to look at whether such a reservation of rights by insurance companies serves as adequate notice to their insureds that they may be required to reimburse their insurance carriers. Specifically, these jurisdictions have held that

there can be no doubt that [the insured] knew that [the insurer] intended to seek reimbursement if it was found that there was no duty to defend . . . . . [T]his awareness can be shown from the fact of the explicit reservation letters sent to [the insured] explaining the reservation prior to the payment of defense costs . . . . While [the insured] did specifically object to this reservation, they also accepted $500,000 in defense costs from [the insurer] . . . . [T]his court holds that acceptance of the monies constitutes an implied agreement to the reservation. *Walbrook Insurance Co. Ltd. v. Goshgarian & Goshgarian,* 726 F.Supp. 777, 784 (C.D.Cal.1989). See also, *First Federal Savings and Loan v. Transamerica Title,* 793 F.Supp. 265 (D.Colo. 1992), aff'd. 19 F.3d 528 (10th Cir.1994).

*Knapp,* 932 F.Supp. at 1172. In this case, just as in these other cases, Shierk accepted the benefit of Grinnell's defense. Further, Shierk was fully apprised that Grinnell reserved its right to seek reimbursement in the event that it was later determined that it had no duty to defend him. As a result, although it appears that the Illinois courts have not yet had an opportunity to address the precise issue of reimbursement, the Court predicts that if the Illinois Supreme Court were faced with this precise issue, it would authorize the relief sought by Grinnell and order reimbursement of the costs of defense. *See Malone v. Bankhead,* 125 F.3d 535, 539 (7th Cir.1997) (holding that in the absence of Illinois case law, the court must therefore predict how the Illinois Supreme Court would decide this issue); *see also Hinkle v. Henderson,* 85 F.3d 298, 300 (7th Cir.1996);

*Boland v. Engle,* 113 F.3d 706, 710 (7th Cir.1997).

### *CONCLUSION*

Accordingly, the Court **GRANTS** plaintiff's motion for summary judgment and declares that: (1) a controversy exists; (2) the policy excludes coverage for Philip Shierk's actions; (3) as a result of the policy exclusions, plaintiff has no duty to defend or indemnify Philip Shierk; (4) plaintiff is entitled to withdraw from paying for Philip Shierk's defense; (5) Stephanie Lord has no claim against Philip Shierk that is covered by the policy; and (6) plaintiff is entitled to reimbursement of funds already expended defending Philip Shierk in the state court action. Plaintiff is ordered to supply this Court with a cost and fee submission within 15 days of receipt of this Memorandum and Order. Otherwise, each party is to bear its own costs.

**IT IS SO ORDERED.**